# Richmond.

## CITY GAS COMPANY OF NORFOLK· V. POUDRE.

### March 14, 1912.

1. PLEADING—*Grounds of Defense—Failure to State—Object of Section 3249 of Code—Evidence Admissible.*—The object of section 3249 of the Code, in requiring a defendant to state the grounds of his defense when so ordered by the court, is not to punish the defendant for failure to comply with the order, but to protect the plaintiff from prejudice by surprise at the trial. He is not debarred from all evidence in his defense, but is confined to evidence upon the point covered by the language of his plea. Hence, if a defendant pleads not guilty to an action of trespass, and fails to state his grounds of defense, when required by the court, he may, nevertheless, introduce any evidence tending to show that he did not commit the trespass in the declaration alleged.

2. STARE DECISIS—*Construction of Opinions.*—Opinions of courts, to be correctly understood, should always be read in the light of the facts of the case in which they are rendered.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Loyall, Taylor & White,* for the plaintiff in error.

*Daniel Coleman, Scott & Buchanan,* and *O. L. Shackleford,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by the plaintiff to recover of the defendant Gas Company damages for its alleged

wrongful act in having him arrested. The trial resulted in a verdict and judgment against the defendant, which is now to be reviewed.

The first assignment of error is that the lower court declined to permit the defendant to introduce any evidence, because no grounds of defense had been filed, although the general issue had been pleaded, and the plaintiff had replied generally thereto.

Bill of exceptions No. 1, which embodies the defendant's objection to this action of the court, shows that the defendant, at the call of the docket, tendered its plea of not guilty; that the plaintiff replied generally thereto, and that, on motion of the plaintiff, an order was then and there entered requiring the defendant to file in writing its grounds of defense; that upon the subsequent trial of the case, after the plaintiff had introduced all of his evidence and the defendant was proceeding to call its witnesses, the court, upon motion of the plaintiff, refused to allow the defendant to introduce any evidence, because it had failed to file its grounds of defense. Thereupon the defendant tendered, in writing, its grounds of defense, which were rejected, because they had not been filed previous to the trial of the case; and thereupon the defendant asked to be allowed to show what would be testified to by his witnesses, in order that a proper bill of exceptions might be made up, but the court declined to allow this to be done, on the ground that the defendant had failed to comply with the order of the court requiring the written grounds of defense to be filed, and, therefore, could not properly introduce any evidence.

The ruling of the court that, under the circumstances stated in this bill of exceptions, the defendant could introduce no evidence to sustain its plea of not guilty, is plainly erroneous. Under the plea of not guilty the defendant had the right to introduce any evidence which showed that it did not commit the alleged trespass, notwithstanding its failure to comply with the order requiring it to file its grounds of defense.

Section 3249 of the Code (which provides that, if a party fails to comply with an order requiring grounds of defense to be filed, the court may, when the case is tried, exclude evidence of any matter not described in the pleading of such party so plainly as to give the adverse party notice of its character) was not intended

to deprive a defendant of the right to support his plea of not guilty by the introduction of evidence as to any matter the character of which was plainly pointed out by the plea itself. Under such circumstances, the evidence of the defendant is confined to the point covered by the language of the plea—namely, the denial of the wrongful act alleged.

Mr. Minor states the form of a plea in an action of trespass as follows: "And the said defendant, by his attorney, comes and says that he is not guilty of the said trespass above laid to his charge, or any part thereof, in manner and form as the said. plaintiff hath above thereof complained, and of this the said defendant puts himself upon the country." 4 Minor's Inst., p. 1348.

This is a plain statement that the defendant is not guilty of the trespass alleged, and that his defense rests on such denial.

The declaration alleged that the defendant wrongfully arrested the plaintiff. The plea of not guilty gave the plaintiff full notice that the defense relied on was that the defendant did not commit the alleged trespass, and would introduce proof showing that he did not. This, and no more, the defendant had the right to show under his plea of not guilty, because the plea had given plain notice that such evidence would be introduced, which is all the statute required.

The object of section 3249 of the Code is to give the plaintiff reasonable notice of the particular defense upon which the defendant expects to rely, so that he may not be prejudiced by surprise. The statute was not intended to punish the defendant for failing to comply with an order requiring grounds of defense to be filed, but its purpose was to protect the plaintiff against any prejudice he might suffer by reason of such failure.

In support of the contention that the defendant in this case could introduce no evidence to sustain its plea, the plaintiff relies on two recent decisions of this court—namely, *Colby* v. *Reams,* 109 Va. 308, 63 S. E. 1009, and *Chestnut* v. *Chestnut,* 104 Va. 539, 52 S. E. 348, 2 L. R. A. (N. S.) 879.

In the first-named case the decision was rested upon the ground that no plea was filed, and, therefore, no issue was joined, the court holding that a judgment could not be sustained which was

given upon a verdict rendered as upon the trial of an issue when no issue had been joined. The subsequent remark, that the plea in that case would, if filed, have been not guilty, and that under it the defendant could not have introduced his evidence, was directed alone to the facts of that particular case. There the evidence of the defendant had been introduced, and the court could see, from its inspection, that it related to matters not properly provable under the general issue of not guilty, where grounds of defense had been ordered and not filed, for the reason, as stated, that the plea of not guilty would give the plaintiff no sufficient notice that evidence of the character introduced would be relied on. It was never intended to lay down the broad proposition, now contended for, that in any case where the defendant fails to comply with an order requiring grounds of defense to be filed, he is thereby deprived of the right to introduce any evidence in his defense, although it be apparent that the plea gave full notice that such evidence would be relied on.

As to the case of *Chestnut* v. *Chestnut*, *supra*, it is sufficient to say that there is nothing therein to justify its citation as authority in support of the proposition now under consideration. Opinions of courts, to be correctly understood, should always be read in the light of the facts of the case in which they are rendered.

As the evidence on another trial may change the whole character of the case, we will not consider the other assignments of error made in the petition.

On account of the error we have pointed out, the judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had not in conflict with this opinion.

*Reversed.*