## Richmond.

### Williamson v. Simpson.

#### March 14, 1912.

1. Pleading—*Grounds of Defense—Failure to State—Evidence.*—Where the defendant in *assumpsit* has pleaded the general issue of *non- assumpsit*, and the plaintiff has called for a specification of his grounds of defense, under section 3249 of the Code, and the defendant either files none at all, or merely states matters which the plaintiff is obliged to prove in order to maintain his action, the defendant is not debarred from offering any evidence at all in his defense, but is limited to evidence in denial of the plaintiff's claim.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*N. T. Green* and *J. M. Keeling,* for the plaintiff in error.

*Page, Page & Page* and *Daniel Coleman,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

Defendant in error, plaintiff below, brought this action of *assumpsit* against plaintiff in error, defendant below, filing an original and amended declaration, both declarations containing a special count alleging, in substance, that the defendant had employed the plaintiff to find a purchaser for the defendant's spinach crop at the price of $4,000, and had agreed to pay plaintiff therefor $500; that the plaintiff had found and produced to the

defendant such a purchaser, ready, willing, and able to buy, and that thereby defendant became indebted to plaintiff in the sum of $500, which he, the defendant, refused to pay. The declaration also contained the common counts in *assumpsit.*

The defendant appeared and pleaded the general issue, and plaintiff asked that the grounds of defense be required, and the court entered its order to that effect. This order was entered on the same day of the term of the court, and, as a part of the same order then entered permitting the filing of the amended declaration, and the case was set for trial on a later day of the term. In the order requiring the grounds of defense to be filed no time within which they were to be filed was specified.

On the day of and before the trial, and before the jury was sworn, the defendant tendered a statement of his grounds of defense, to the substantial effect that no contract had been entered into between him and the plaintiff such as was set forth in the declaration; that there was no implied agreement or contract between him and the plaintiff; that, even if there had been any such contract or agreement, the plaintiff had not complied with it, and that, even if plaintiff had complied with it, he was not entitled to the amount claimed by him. The grounds of defense tendered by the defendant contained simply and solely denials of facts which the plaintiff was obliged to prove to sustain the demand made in his declaration if no grounds of defense had been filed.

Objection being made by the plaintiff to the filing of the statement of the defendant's grounds of defense, because not filed earlier, the court sustained the objection, and the defendant duly excepted. A jury being impaneled and sworn, plaintiff introduced evidence tending to sustain the averments of his declaration and rested; whereupon the defendant offered to introduce evidence for the purpose, substantially, of disproving the case sought to be proved by the plaintiff, but, upon objection being made, the court refused to allow the defendant to introduce any evidence whatsoever, and thereupon the defendant again duly excepted. The jury found for the plaintiff, their verdict fixing his damages at $500, which verdict the defendant moved the court to set aside, but the court overruled the motion and entered judgment on the verdict, to which judgment this writ of error was awarded.

We are of opinion that the question presented upon the writ of error is controlled by the cases of *City Gas Co. of Norfolk* v. *Poudre, ante,* p. 223, 74 S. E. 158, and *Whitley* v. *Booker Brick Co., ante,* p. 434, 74 S. E. 160, just decided by this court; therefore, for the reasons given in the opinions filed in those cases and the authorities cited, the judgment complained of in this case has to be reversed, and the cause remanded for a new trial.

*Reversed.*