# Richmond

## SOUTHERN PASSENGER MOTOR LINES, INCORPORATED V. LEROY BURKS.

January 12, 1948.

Record No. 3273.

Present, All the Justices.

The opinion states the case.

*John L. Abbot, Shuler A. Kizer* and *M. E. Evans,* for the plaintiff in error.

*W. T. Spencer, Jr.* and *Earl W. Wingo*, for the defendant in error.

Eggleston, J., delivered the opinion of the court.

Leroy Burks, while riding as a passenger in a taxicab owned and operated by the Southern Passenger Motor Lines, Incorporated, along Fort avenue, in the city of Lynchburg, was injured when the cab collided with the rear of a parked car. Burks recovered a verdict and judgment against the taxicab company for damages for his injuries. Upon a writ of error awarded the taxicab company, we are asked to reverse the judgment because of the exclusion of certain evidence offered by it at the trial.

Since, in our opinion, a new trial must be had, we shall state only so much of the proceedings and evidence as will be necessary and pertinent to a discussion of the precise question presented to us. The parties will be referred to according to the positions occupied by them in the lower court.

The notice of motion for judgment alleged that the driver of the taxicab was guilty of negligence which proximately caused the plaintiff's injuries, in that the driver failed to keep a proper lookout, failed to drive the taxicab at a careful and prudent rate of speed, failed to have his vehicle under proper control, and in other respects which need not be detailed.

The defendant taxicab company filed a plea of the general issue which was in the usual form and averred that it was "not guilty of the said supposed grievances above laid to its charge or any or either of them or any part thereof in manner and form as the said plaintiff" had "complained against it."

Obedient to an order of the court, the defendant taxicab company also filed a statement of its grounds of defense in which it said:

"(1) That the plaintiff cannot prove the material allegations of *its* notice of motion;

"(2) That the defendant was not guilty of either or any of the alleged acts of negligence;

"(3) That the defendant did not suffer the injuries alleged; and

"(4) That the damages claimed, if any, did not result directly and proximately from the acts of the defendant."

According to the evidence, the collision occurred at about eleven o'clock p. m., on December 4, 1945, while the taxicab was proceeding northwardly along Fort avenue. A misty rain was falling and the visibility was poor. Fort avenue, at the scene of the collision, is 31 feet and 5 inches wide, is smooth-paved, and runs through a residential district, where the speed limit is 25 miles per hour. There was evidence that just before the collision the taxicab was traveling at a speed of from 30 to 35 miles per hour.

The car with which the taxicab collided was properly parked on the extreme eastern or right-hand side of the street along which the taxicab was proceeding. It also appears that at the time of the collision another car was parked on the opposite or western side of the street, a little south of the first-mentioned parked car.

The evidence also discloses that just prior to and at the time of the collision, another automobile, with headlights burning, was proceeding southwardly along Fort avenue, and was meeting the taxicab.

During his cross-examination the plaintiff admitted that just before the collision the driver of the taxicab was confronted by an automobile which was proceeding in the opposite direction along Fort avenue. He was asked whether this oncoming car did not suddenly swerve into the path of the taxicab. His answer was: "I didn't see if he did." When pressed further on the subject, he said: "I saw the car coming but it didn't swerve out into the path. It was driving down same as a car would drive going south. As far as I know he was on his side of the street."

Counsel for the taxicab company then undertook to show by a further examination of the plaintiff that the latter had admitted, on several occasions, that the collision was not

caused by the fault of the driver of the taxicab, but was caused by the fact that the oncoming automobile had suddenly swerved from its proper course and directly into the path of the taxicab.

The plaintiff was asked whether he had not made this statement immediately after the collision, later to a representative of the taxicab company, and even later during his testimony in police court on the trial of a charge of reckless driving lodged against the cab driver.

On the objection of counsel for the plaintiff, evidence of these alleged statements made by the plaintiff was excluded on the ground that its purpose and effect was to inject into the proceeding a defense which was not within the scope of the plea of the general issue and was not indicated in the grounds of defense which had been filed.

Later, during the proceedings, counsel for the defendant taxicab company undertook to show by several other witnesses that the plaintiff had made these statements at the times and under the circumstances indicated. Upon like objection, and for the same reason, this evidence was also excluded by the trial court.

In the meantime, when the trial court had first ruled that the evidence was inadmissible, counsel for the defendant taxicab company asked leave to amend its grounds of defense to show that the collision was the result of a sudden emergency with which the driver of the taxicab had been confronted.

Counsel for the plaintiff opposed the motion, on the ground that such evidence would take him by surprise. The court then offered to grant the plaintiff a "continuance." Counsel for the plaintiff replied that he did not "want a continuance," but suggested an "adjournment."

Then followed a colloquy during which counsel for the defendant opposed an adjournment and counsel for the plaintiff refused a continuance.

In this situation, the trial court refused to allow the grounds of defense to be amended. Such refusal is likewise assigned as error.

At the conclusion of the evidence the lower court struck out all evidence which tended to show that the driver of the taxicab had been confronted with and acted in a sudden emergency, due to the alleged swerving of the oncoming car.

The dominant question presented is whether the defendant taxicab company should have been permitted, under its plea of the general issue and grounds of defense, as filed, to introduce evidence that the collision was due to a sudden emergency with which its driver was confronted.

A determination of the matter turns on the proper interpretation of Code, section 6091, which reads thus: "In any action or motion, the court may order a statement to be filed of the particulars of the claim, or of the ground of defense; and, if a party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration, or other pleading of such party, so plainly as to give the adverse party notice of its character."

The view of the trial court seems to have been that the defense of sudden emergency, sought to be asserted by proof of the plaintiff's statements, was an affirmative one, or a matter of confession and avoidance, and that hence if the defendant taxicab company had intended to rely thereon it should have so indicated in its grounds of defense.

Counsel for the defendant taxicab company takes the position that such defense is not affirmative, or by way of confession and avoidance; that the burden was on the plaintiff to show that the driver of the cab was guilty of negligence which was the proximate cause of the collision; that in denial or in refutation of the plaintiff's claim, the defendant was entitled to show that the cab driver was compelled to act quickly in a sudden emergency, with which he was confronted, and that under such circumstances his acts did not constitute negligence which proximately caused the collision.

We agree with this latter reasoning.

In Burks Pleading and Practice, 3d Ed., section 307, p.

573, it is said: "If a defendant pleads the general issue, but fails or refuses to state his ground of defense, when called for, he may, nevertheless, offer evidence to disprove the case sought to be proved by the plaintiff. Section 6091 of the Code was not intended to deprive the defendant of this right. His evidence, however, will be restricted to the point covered by his plea, to wit, a denial of what the plaintiff would be obliged to prove in order to maintain his action, and does not extend to matters of confession and avoidance."

This clear statement on the subject was expressly approved in *Big Sandy, etc., Co.* v. *Ball*, 133 Va. 431, 438, 113 S. E. 722.

In *City Gas Co.* v. *Poudre*, 113 Va. 224, 74 S. E. 158, the declaration alleged that the defendant had wrongfully arrested the plaintiff. The defendant filed a plea of the general issue, but failed to file a statement of the grounds of defense ordered by the lower court. It was held that: "Under the plea of not guilty the defendant had the right to introduce any evidence which showed that it did not commit the alleged trespass, notwithstanding its failure to comply with the order requiring it to file its grounds of defense." (113 Va., at page 225.) This was, it was said, because the plea of not guilty "gave the plaintiff full notice that the defense relied on was that the defendant did not commit the alleged trespass, and would introduce proof showing that he did not." (113 Va., at page 226.)

The introduction into the evidence of the statements made by the plaintiff would not have had the effect of asserting an affirmative defense, or one by way of confession and avoidance. It was merely in refutation of the plaintiff's claim that the collision was proximately due to the negligence of the cab driver. Its effect would have been to offer evidence of how the collision occurred, which, if believed by the jury, would have warranted a finding that the driver of the taxicab was not guilty of negligence which proximately caused the collision. The trial court permitted the defendant to show that the driver of the taxi-

cab was blinded by the lights of the oncoming automobile,[1] and the evidence excluded was of a similar character.

It is well settled that where the driver of an automobile, without prior negligence on his part, is confronted with a sudden emergency, and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence. *McGowan* v. *Tayman*, 144 Va. 358, 368, 132 S. E. 316; *Otey* v. *Blessing*, 170 Va. 542, 552, 197 S. E. 409, 413; *Bloxom* v. *McCoy*, 178 Va. 343, 348, 17 S. E. (2d) 401, 403.

As is said in Restatement of the Law of Torts, Vol. II, section 296, p. 796: "In determining whether conduct is negligent toward another, the fact that the actor is confronted with a sudden emergency not caused by his own tortious conduct which requires rapid decision is a factor in determining the reasonable character of his choice of action."

See also, 38 Am. Jur., Negligence, section 41, pp. 686, 687.

It is, of course, true that one who seeks to invoke the doctrine of sudden emergency must be without fault in bringing about the emergency. It is also true that in the case before us the admitted evidence shows that just before the collision the taxicab was being driven in excess of the statutory speed limit. But whether this unlawful speed brought about the emergency upon which the taxicab company sought to rely, was a question for the jury. *Gaines* v. *Campbell*, 159 Va. 504, 513, 514, 166 S. E. 704; *Saunders* v. *Hall*, 176 Va. 526, 536, 537, 11 S. E. (2d) 592, 595, 596. This is but another way of saying that it was for the jury to say whether such unlawful speed was a proximate cause of the collision.

We are of the opinion that the trial court erred in

[1] Apparently the evidence of the blinding headlights was admitted upon the theory that counsel for the plaintiff was not thereby surprised, because during informal negotiations for a settlement, prior to the trial, such a defense had been disclosed. Compare *Portsmouth* v. *Weiss*, 145 Va. 94, 113, 133 S. E. 781, in which it was held that information furnished in this manner did not take the place of a formal bill of particulars.

excluding the evidence that the plaintiff had admitted, on prior occasions, that the oncoming car suddenly veered from its proper course into the path of the taxicab.

Such a statement made immediately after the collision was admissible as a part of the *res gestae*.

Similar statements made later were admissions against interest, because they tended to exonerate the driver or employee of the taxicab company of negligence, when the negligence of such employee was the very basis of the plaintiff's cause of action.

All of the alleged statements were admissible for the purpose of impeaching the plaintiff's testimony to the contrary given at the trial.

We are also of opinion that the further part of the plaintiff's statement that the collision was not caused by the fault or negligence of the cab driver was likewise admissible. While some authorities take the view that such a statement should be excluded on the ground that it is a mere expression of opinion or conclusion, Dean Wigmore, and what we think are the better-reasoned cases, hold that the Opinion Rule does not exclude such a statement and that it is admissible both as an admission against interest[2] and as an impeachment[3] of the plaintiff's contrary testimony.

During the several colloquies which occurred in the argument as to the admissibility of the statements, the lower court seems to have correctly ruled that such statements were admissible for the purpose of contradicting the plaintiff's testimony, given at the trial, that the oncoming car did not swerve into the path of the taxicab. However, so far as the record discloses, this phase of the matter was in

[2] "The *Opinion Rule* * * * does not limit the use of a party's admissions. The reason for that rule does not apply to a party's admissions. Moreover, every case presented in the allegations of pleadings and witnesses includes both facts and inferences; hence, the opponent's admissions will naturally range over both facts and inferences without distinction, * * * . To extend the arbitrary trivialities of the Opinion Rule to parties' admissions would be the extreme of futility." Wigmore on Evidence, 3d Ed., Vol. IV, section 1053, p. 15. See also, 118 A. L. R. 1230, Annotation.

[3] Wigmore on Evidence, 3d Ed., Vol. III, section 1041, pp. 729, 730. See also, 66 A. L. R. 289, Annotation; 158 A. L. R. 820, Annotation.

no way brought to the attention of the jury. Moreover, as has been said, at the conclusion of the evidence all evidence of the statements was stricken from the record.

The plaintiff testified that he was knocked unconscious as a result of the accident and did not recall having made, immediately after the accident, the statements attributed to him. On the other hand, witnesses for the defendant taxicab company testified that the plaintiff at that time appeared to be entirely normal. Whether, then, the plaintiff made the statements, and what weight should have been given them, were for the jury to determine.

Having reached the conclusion that the rejected evidence should have been admitted under the defendant's plea and grounds of defense, as filed, it is unnecessary that we decide whether the lower court erred in not permitting the defendant taxicab company to amend its grounds of defense to indicate that it relied upon the defense of sudden emergency.

The judgment complained of is reversed and the case is remanded for a new trial.

*Reversed and remanded.*