# Richmond

## Robert C. Baxley v. Judith A. Fischer, Et Al.

January 20, 1964.

Record No. 5623.

Present, All the Justices.

The opinion states the case.

*Stanley E. Sacks* (*Sacks, Sacks & Kendall,* on brief), for the plaintiff in error.

*Wilson H. Wahab,* for defendant in error, Judith A. Fischer.

*Spencer Gill* (*Rixey & Rixey,* on brief), for defendant in error, Leon Smith.

SNEAD, J., delivered the opinion of the court.

Robert C. Baxley, plaintiff, instituted an action against Judith A. Fischer, Leon Smith and Charles Barco, defendants, to recover damages for personal injuries he sustained, while riding as a passenger in a station wagon operated by Harvey Parker, when an automobile driven by Miss Fischer collided with the rear of the Parker vehicle. Service of process was not obtained against Barco, and the trial proceeded against the defendants Fischer and Smith. At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence, defendants' motions to strike plaintiff's evidence were overruled. A jury verdict was returned in favor of both defendants and we granted plaintiff a writ of error.

The accident occurred on December 27, 1960, at approximately 12:45 a.m., on U. S. Route 13 at a point approximately 3 miles north of the ferry dock at Kiptopeke in Northampton county. There, U. S. Route 13 was a four-lane highway with two northbound and two southbound lanes divided by a median strip of grass about 20 feet wide. It was "open" country and the speed limit was 55 miles per hour. The weather was clear and dark and the surface of the highway was dry.

Charles Barco's automobile had run out of gas and was parked on the northbound shoulder of the road. With him were a man and two young children. At a nearby closed service station the two men saw Leon Smith who was there to pick up a truck loaded with oysters from his employer. With his employer's consent Smith offered to siphon gas from the truck into Barco's car. They drove to Barco's parked automobile. The truck was then parked headed north partly in the right-hand or outside northbound lane and partly on the shoulder. The lights were burning and the rear left turn signal light was blinking. Also on the rear of the truck were red lights. The

Barco vehicle was pushed manually beside the truck in the outside northbound lane so that gas could be siphoned from the truck into the automobile's tank. These vehicles blocked traffic in the outside lane, but the inside northbound lane was open and clear.

The evidence is conflicting as to most of the events that followed. Under familiar principles the evidence will be stated in the light most favorable to defendants, the prevailing parties in the court below. Smith, the operator of the truck, stated that the shoulder of the road was about 7½ feet wide and sloped to a ditch, and that "if I had pulled it [truck] any farther off the highway I would have been in the ditch." He said that before the automobile was pushed onto the highway he placed three reflectors in the outside lane behind his truck ranging to a distance of 300 feet and also sent a boy with a flashlight to the last reflector to flag traffic over into the inside lane.

While Smith was standing between the two parked vehicles siphoning gas several cars came to a stop in the outside northbound lane behind the truck. He heard "brakes squeal" and looked up and around. He saw a car (red Buick) "pull out" from the outside lane into the inside lane in front of the station wagon operated by Parker in which plaintiff was a passenger. The Parker vehicle stopped and an automobile following it, driven by Miss Fischer, a defendant, struck the rear of the Parker station wagon. Smith said the brake sounds appeared to come from the Parker vehicle and the car that pulled out in front of the Parker vehicle never stopped. The identity of the driver of this automobile was not determined.

Parker did not testify. The Plaintiff and the other passengers in Parker's station wagon, John Newton and Claude Baxley, testified. Their estimates with regard to the speed of the Parker vehicle varied from 25 to 50 miles per hour.

Plaintiff, who was riding in the front seat, stated that when the "red Buick" was about 3 or 4 car lengths ahead of the Parker station wagon, "it just pulled right out in front of us, causing us to come to a complete stop"; that it "was either put on brakes or hit him"; that Miss Fischer's car struck the station wagon in the rear, and that he was thrown "against the dash".

John Newton said that the Buick "pulled into the left lane and we stopped to keep from hitting the man"; that Parker stopped his automobile "quick enough" to avoid striking the Buick, and that his vehicle was completely stopped when it was struck in the rear

by the Fischer car. He further stated: "Fortunately, it didn't even break the tail lights when her car hit. She must have been applying brakes, and it went underneath the back frame of the car."

Claude Baxley testified: "All I can say is we were riding along and all of a sudden a car pulled in front of us and the man [Parker] stopped." He stated that it "was a hearty stop", and estimated the Buick was about 31.5 feet ahead when it crossed into the inside lane.

The State trooper who investigated the accident testified that there were reflectors at the scene when he arrived shortly after the mishap, but that he was informed by Miss Fischer and occupants of the Parker car that they were set out after the accident. He found only minor damage to the vehicles involved in the collision and said that he was informed no one was injured.

Judith Fischer testified that she was proceeding north in the left or inside lane about 4 to 6 car lengths behind the Parker vehicle at a speed between 45 and 50 miles per hour; that there "seemed to be very little traffic"; that she was looking straight ahead; that when she saw the brake lights flash on the Parker vehicle "I applied my brakes" and "I ran into him." She was asked on cross-examination:

"Q. And you applied your brakes. Do I understand you applied them as quickly as you could?

"A. As best I can recall.

"Q. Your brakes worked all right, didn't they?

"A. Yes, sir. I just had them checked up.

"Q. From the time you first saw him put on his brake lights and from the distance you were, at that speed you were unable to stop without running into him?

"A. That is correct.

\*     \*     \*     \*     \*     \*     \*

"Q. All right. Well, how did you apply your brakes? Did you jam them on or slam them on?

"A. No, I don't believe I slammed them because to me there was no apparent reason to slam them, because I—I didn't have any knowledge of any danger up ahead at all. I thought it might have been slowing down—"

The dominant issues presented on this appeal are whether the trial court erred in granting Instructions Nos. B. and M., and in refusing to hold, as a matter of law, that both defendants were guilty of negligence which proximately caused the accident.

Instruction No. B. reads:

"The Court instructs the Jury that if you believe from all the evidence in this case that the defendant, Judith A. Fischer, without prior fault on her part, struck the rear of the vehicle in which the plaintiff was riding because of a sudden emergency created by the operator of another motor vehicle, and that the defendant, Judith A. Fischer, acted as a person of ordinary prudence might have acted under the same circumstances, then in so doing, she was not guilty of any negligence even though the collision caused the injuries to the plaintiff, and your verdict should be for the defendant, Judith A. Fischer."

Plaintiff contends that it was error to grant Instruction No. B. because no sudden emergency existed as to defendant Fischer, but assuming *arguendo* that such emergency did exist Miss Fischer was not entitled to its indemnity since she was at fault in creating the emergency. He also contends that the instruction does not correctly state the doctrine.

An "emergency" is an event or combination of circumstances calling for immediate action without giving time for deliberate discretion or judgment. *Virginia Transit Co.* v. *Durham,* 190 Va. 979, 995, 59 S. E. 2d 58.

"It is well settled that where the driver of an automobile, without prior negligence on his part, is confronted with a sudden emergency, and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence." (Citing cases). *South. Passenger Motor Lines* v. *Burks,* 187 Va. 53, 60, 46 S. E. 2d 26. See also *Meadows* v. *Stickler,* 144 W. Va. 644, 110 S. E. 2d 380, 385.

Where an emergency existed, it is in the realm of inference what a person of ordinary prudence should or should not have done. It is to be determined by a fair appraisal of the proven facts and a reasonable consideration of the usual reaction of persons under similar situations. The judgment of the jury is generally the best means to ascertain the reasonable and proper inference to be drawn. *Virginia Transit Co. v. Durham, supra,* 190 Va. at p. 995. *Daniels* v. *Transfer Co.,* 196 Va. 537, 547, 84 S. E. 2d 528.

A fair appraisal of the evidence shows that the Parker vehicle came to a sudden stop on the highway in order to avoid striking the unidentified Buick automobile which pulled out of the outside northbound lane into the inside lane when the Parker vehicle was dangerously close. The evidence was sufficient to show that a sudden

emergency existed as to defendant Fischer who was following about 4 to 6 car lengths behind the Parker automobile within the speed limit, looking ahead, when the Parker vehicle's brake lights went on. She was entitled to an instruction on that theory.

The instruction submitted to the jury the factual issues of whether a sudden emergency was created by the operator of a vehicle other than Miss Fischer; whether she was without prior fault, and whether she acted in the emergency as a person of ordinary prudence might have acted under the same circumstances. It told the jury that if they resolved these issues in her favor then defendant Fischer was not guilty of negligence.

Whether Miss Fischer gave a reasonable explanation for striking the rear of the Parker automobile was a question for the jury to decide. Also, her rate of speed under the existing circumstances and conditions, the reasonableness of the distance she was following the Parker car, the sufficiency of her braking effort and her other actions or omissions were questions for the jury in determining whether the emergency was created without fault on her part or whether she acted as an ordinarily prudent person would have acted under the same or similar circumstances. By their verdict, the jury decided these questions of fact in favor of defendant Fischer and the evidence was sufficient to support their findings.

The wording of the instruction could be improved upon. For instance, it would have been more appropriate to have employed the phrase "would have acted" rather than "might have acted". No objection was made to the use of this language in the court below. However, a fair analysis of the instruction reveals the essential principles of the doctrine. The granting of the instruction in the form offered did not constitute prejudicial error.

Next, it is contended that the court erred in granting upon defendant Smith's request Instruction No. M., because it submitted to the jury the question of whether an independent, intervening cause existed that superseded the actions of Smith.

Instruction No. M. reads:

"The Court instructs the jury that proximate cause is that cause which in natural and continuous sequence, unbroken by any new and independent cause, produces an event. When an independent cause which was not nor could not reasonably be forseen (sic) intervenes between the original wrongful act and the injury ultimately suffered, the new and entirely independent act breaks the sequence of events

and insulates the original negligence so that it is no longer the proximate cause."

The plaintiff does not object to the first sentence of the instruction. He contends that it was error to instruct the jury as to "intervening cause" since the evidence is conclusive that Smith violated the terms of § 46.1-248, Code 1950, as amended,[1] which controls the parking of vehicles on highways; that such violation was negligence *per se;* that Smith's negligence was continuing and effectual and was, as a matter of law, a proximate cause of the accident, and that since he blocked the highway the accident was foreseeable by Smith. Thus, plaintiff says, there was no independent intervening cause that would excuse Smith from liability.

It is well settled that a violation of a statute such as § 46.1-248 is negligence *per se,* but such negligence will not support a recovery for damages unless the violation was a proximate cause of the injury. *Hubbard* v. *Murray,* 173 Va. 448, 452, 3 S. E. 2d 397. Proximate cause or causal connection between negligence and the accident is usually a question of fact for the jury to decide. *Crist* v. *Fitzgerald,* 189 Va. 109, 118, 52 S. E. 2d 145; *Smith* v. *New Dixie Lines,* 201 Va. 466, 470, 111 S. E. 2d 434.

In *Crist* v. *Fitzgerald, supra,* 189 Va. at p. 118, we said:

" '* * * an intervening cause does not operate to exempt a defendant from liability if that cause is put into operation by the defendant's wrongful act or omission * * *.

" 'An intervening cause will not be deemed to have broken the causal connection if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer.

      *       *       *       *       *       *       *

" '* * * And in order to excuse the defendant's negligence this intervening cause must be either a superseding or responsible cause. To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury. * * *' ".

According to Smith, he placed reflectors in the outside northbound

---

[1] § 46.1-248 reads in part:

"(a) No vehicle shall be stopped in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown, in which case a report shall be made to the nearest police officer as soon as practicable and the vehicle shall be removed from the roadway to the shoulder as soon as possible and removed from the shoulder without unnecessary delay; * * *."

lane which the parked vehicles were blocking. His rear lights were burning, his left turn signal light was blinking, and he sent a boy down the highway with a flashlight to signal traffic to cross into the inside lane which was not obstructed. Under these circumstances we cannot say, as a matter of law, that Smith foresaw or reasonably might have foreseen that a car would come to a stop in the northbound lane and then suddenly leave a position of safety and cross into the inside lane immediately in front of an automobile proceeding between 25 and 50 miles per hour. Nor can we say, as a matter of law, that Smith's negligence, if any, was a proximate cause of the accident. *Davis, Adm'x* v. *Scarborough*, 199 Va. 100, 105, 97 S. E. 2d 731. These were questions of fact for the jury to decide and we hold that under the evidence adduced the trial court did not err in granting Instruction No. M.

The plaintiff contends that it was error to grant Instruction No. R. This instruction told the jury that if they believed from the evidence that plaintiff failed to use every reasonable effort to minimize his injuries or damages resulting from the accident then the defendants were not liable for any such resulting increase. It is evident that since the jury found for the defendants and the judgment appealed from is affirmed, this question need not be decided.

Finally, plaintiff claims the trial court erred in refusing to hold that both defendants were, as a matter of law, guilty of negligence which proximately caused the accident. We find that this contention is without merit. Whether or not the defendants were guilty of such negligence was a question for the jury.

For the reasons stated, the judgment appealed from is

*Affirmed.*