**Vera Marie HART, Appellant,**

v.

**Fred E. WILKINS, Appellee.**

**No. 10174.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 11, 1966.

Decided March 8, 1966.

William F. Davis, Suffolk, Va. (Thomas L. Woodward, Suffolk, Va., on brief), for appellant.

Wayne Lustig, Norfolk, Va. (Gordon E. Campbell, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and HUTCHESON, District Judge.

PER CURIAM:

The plaintiff, complaining of a judgment entered upon a jury verdict for the defendant, has appealed, contending that there was no submissible issue of her contributory negligence.

The plaintiff was driving her car eastwardly on a four-lane highway between Suffolk and Portsmouth, Virginia. She intended to make a left turn into the entrance of a motel, which she had seen ahead, and she turned on her left turn signal light as she emerged from a thirty-five mile an hour speed zone into one of fifty-five miles per hour. She continued in her extreme right hand lane, however, without acceleration of her speed. Obedient to her turn signal, which he could see, the driver immediately behind remained in the same right hand lane without substantial acceleration of his speed and without attempting to pass. The defendant, in an overtaking vehicle and intending to pass the two cars ahead, turned his head to look to his rear, apparently to be sure the left hand east bound lane was open to

him. The plaintiff testified that she had remained in the right hand lane, because she had seen the defendant's lights approaching and was uncertain in which lane he was. Upon reaching the first entrance to the motel and not wishing to pass the second, she undertook to bring her automobile to a halt, or substantially so, in the right hand, east bound traffic lane. The car immediately behind her also stopped, the testimony being in conflict as to how abrupt the stop was.

Because the defendant was looking behind him to see that the left hand lane was clear when the vehicles in front of him stopped, he did not become aware of their deceleration and stop obstructing the roadway in front of him until too late to avoid a rear end collision, knocking the car immediately in front of him into the plaintiff's vehicle, with resultant injuries to the plaintiff and her sister-passenger.[1]

Clearly the jury found the defendant negligent, for it awarded the plaintiff's passenger a verdict against him. The circumstances furnish abundant basis for the finding. As clearly, the jury also found the plaintiff contributorily negligent, and it is the basis of that finding which the plaintiff now questions.

By statute [2] in Virginia, it is unlawful to stop a motor vehicle in a manner which impedes or renders dangerous the use of a highway by others. The only explicit exception is a stop as the result of an emergency arising from an accident or mechanical breakdown.[3] Even then the statute requires that the motorist get the vehicle onto the shoulder of the road if practical, and to remove it completely as soon as possible. Under the Virginia authorities, a violation of the section is held to be negligence per se,[4]

and the question of whether the stopped vehicle impeded the use of the highway or endangered other vehicles is ordinarily one for the jury.[5]

The defendant was confronted with no such emergency as that contemplated by the statute as justification for stopping. Knowing that she wished to make a left turn, if she could have entered the left lane earlier, with appropriate signals, she could have given adequate warning of her turn to other vehicles approaching from the rear. When she stayed in the right lane, however, and became concerned about the defendant's overtaking automobile, she could have escaped the danger the statute seeks to avoid by pulling off to her right onto the shoulder of the road, if it was clear, or by proceeding easterly in the right hand lane until she could safely reverse her direction to enter the motel by a right hand turn from the west bound lane. The road ahead of her was open. She stopped only because she did not wish to pass her intended destination. That was no "emergency" within the meaning of the statutory exception to the prohibition against stopping where she did. She had a right to gratify her wish only if she also complied with the statute's requirements; if her wish and her duty were incompatible, she was bound to prefer her duty.

The defendant's fault may have been the greater, but Virginia recognizes no doctrine of comparative negligence here. Since there was an adequate basis for the jury's finding that the plaintiff's stop was a violation of the statute, and hence negligent, and a contributing cause of the accident, the issue could not properly have been withdrawn from the jury's consideration.

1. The sister was also injured and recovered a judgment against the defendant from which he has not appealed.

2. Code of Laws of Virginia, 1950, § 46.1–248.

3. A stop such as that made by the automobile immediately behind the plaintiff's has been held within an implicit exception, for it was necessary to avoid a collision with the plaintiff. See Doss v. Radar, 187 Va. 231, 46 S.E.2d 434.

4. Baxley v. Fischer, 204 Va. 792, 134 S.E. 2d 291; Davis v. Scarborough, 199 Va. 100, 97 S.E.2d 731.

5. Ibid.

We conclude that the issue of the plaintiff's contributory negligence was submissible, and that the submission was fair.

Affirmed.