MCDONALD, PARKER LEE, Associate Judge.
The action below was brought by plaintiff, William K. Shearer against defendants, Mary Ann Lowe and Robert N. Lowe and defendants Roberta K. Ingram and Raymond J. Ingram for personal injuries suffered by plaintiff, William K. Shearer. Defendant Mary Ann Lowe was driving a 1963 Buick Special automobile owned by Robert N. Lowe when she was involved in an automobile collision with a 1962 Oldsmobile driven by defendant Roberta K. Ingram and owned by defendant Raymond J. Ingram.
The plaintiff was a pedestrian bystander to the accident standing near the scene. The Lowe vehicle had been traveling on a street governed by a stop sign. There is a dispute in the evidence as to whether or not she stopped at the stop sign. She then proceeded into the intersection. The front of the Lowe vehicle collided with the left rear of the Ingram vehicle which was proceeding on the intersecting street. After the collision between the two vehicles the Ingrams’ vehicle went out of control striking the plaintiff William K. Shearer and causing him personal injuries. The trial resulted in a verdict in favor of the plaintiff, William K. Shearer and against the defendants Roberta K. Ingram and Raymond J. Ingram in the amount of $20,000.-00. The verdict also found in favor of the defendants Mary Ann Lowe and Robert N. Lowe.
The plaintiff, William K. Shearer filed, and was granted a motion for new trial as against the defendants Mary Ann Lowe and Robert N. Lowe on the grounds that the verdict was contrary to the manifest weight of the evidence and contrary to the manifest weight of the law. The defendants Ingram filed and was granted a new trial on the ground that the trial judge felt that he erred in disallowing certain evidence. The appeal and cross appeal are from the two orders granting the new trial.
We shall first direct our attention to the order granting a new trial on the grounds that the verdict in behalf of the Lowes was contrary to the manifest weight of the evidence. To reverse an order granting a new trial under the circumstances of this case, the reviewing court must find that the trial judge abused his discretion. Cloud v. Fallis, Fla.1959, 110 So.2d 669. Our review of the record fails to disclose that he did this. From the facts reflected in the record it appears that the trial judge could have found that the jury verdict did not comport with logic and reason. The events were closely analogous to those reported in Holland v. Watson, Fla.App.1968, 215 So.2d 498, insofar as responsibility of Mrs. Lowe for the accident was concerned. They are at least sufficiently similar so that this court cannot say that it was an abuse of discretion in granting the new trial. The motion granting a new trial against the defendants Lowe should be affirmed.
The Ingrams were also granted a new trial. At the trial counsel for the Ingrams sought to ask whether the plaintiff ever made a comment to her about the accident and her answer was “Well, we were discussing how upset Mrs. Ingram was, and he said that he didn’t know why she was so upset because she did not cause the accident”. The court in granting the motion for new trial stated that it committed prejudicial error in sustaining the plaintiff’s objection to that testimony.
The statement of the plaintiff appears to be an admission against interest. Such statements are generally admissible. Southern Passenger Motor Lines v. Burks, 1948, 187 Va. 53, 46 S.E.2d 26; Grodsky v. Consolidated Bag Co., 1930, 324 Mo. 1067, 26 S.W.2d 618; 4 Wigmore, Evidence, § 1053; McCormick on Evidence, § 241. *88 Plaintiff’s counsel concedes that admissions against interest are admissible, but urges that this rule is inapplicable in this case because of the presence of the co-defendant and urges that the statement was not an admission but nothing more than a conclusion. The above cited authorities indicate otherwise, at least when the plaintiff is a witness to the occurrence.
The order granting the new trial on behalf of the Ingrams is likewise affirmed.
Affirmed.
CROSS, C. J., concurs.
WALDEN, J., concurs, in part; dissents, in part, with opinion.