816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Mason HILL, Plaintiff-Appellee,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY; John Doe,
Defendant- Appellants.
James Mason HILL, Plaintiff-Appellee,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY; John Doe,
Defendant- Appellants.
 No. 86-2047.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided April 14, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 Gerard J. Stief; (Sara E. Lister; Carol A. Sigmond; Mark R. Pohl; Washington Metropolitan Area Transit Authority; Janet B. Rubin) William J. Carter (Brian H. Rhatigan; Carr, Goodson & Lee, P.C., on brief), for appellants.
 Robert E. Higdon (J. Joseph Barse, on brief), for appellee.
 PER CURIAM:
 
 
 1
 In his personal injury action against the Washington Metropolitan Area Transit Authority (WMATA) and John Doe, James Mason Hill was awarded $48,000 for injuries received as a result of a motor vehicle accident in 1983. WMATA and John Doe appeal the nonjury award.
 
 
 2
 Hill was driving in the left lane of two-lane southbound traffic in a heavily traveled area of Fairfax County, Virginia. A bus operated by WMATA was stopped partially off and partially on the right southbound lane. An unidentified driver in the right lane,[1] seeing the bus, veered into the left lane, starting a chain of actions that ended in the collision involving Hill.
 
 
 3
 WMATA, by virtue of an interstate compact,[2] is an agency of Virginia, Maryland and the District of Columbia operating a regional transportation system in the Washington, D.C., metropolitan area. It contends that the district court erred by ruling that it is not immune from liability under the WMATA Compact. It also argues that the court erred by not applying a Virginia statute regulating the action of a bus pulling off a highway,[3] by not ruling that John Doe's actions were the sole proximate cause of the accident, and by not finding Hill contributorily negligent as a matter of law. John Doe contends that the district court erred by not finding Hill contributorily negligent and by not finding that the negligence of WMATA was the sole proximate cause of the accident. We affirm.
 
 
 4
 On the morning of July 15, 1983, Hill was driving in the left lane of southbound traffic on Dolley Madison Boulevard (Route 123), a four-lane divided highway in Fairfax County, Virginia. A metrobus was stopped in front of him, partially off and partially on the right lane. John Doe, an unidentified driver, passed Hill on the right at an excessive rate of speed. Doe then cut in front of Hill to avoid hitting the bus. Hill braked to avoid hitting Doe, crossed the median, and collided with an on-coming northbound van. Doe proceeded down Route 123 and has never been identified.
 
 
 5
 Hill filed a complaint against WMATA and Doe[4] in the United States District Court for the District of Columbia. The action was transferred to the Eastern District of Virginia pursuant to 28 U.S.C. Sec. 1404(a). The district judge, trying the case without a jury, found both WMATA and Doe negligent, and awarded Hill $48,000. The judge stated that the bus "was in fact stopped on the roadway at the time that this accident occurred and was one of the causes of this accident.... And I think the pictures that were taken of the scene belie the fact that the bus could even get off the road in its entirety." The district judge clarified his findings following WMATA's motion to amend the findings of fact and conclusions of law, but refused to set aside his verdict. In the amended order, he expressly found that
 
 
 6
 [t]here is plenty of room to pull off, and he [the bus driver] had the duty to pull off, get off the road, stop and not to reenter the highway until such time as he could see the way was clear to do that. I found he didn't do that, and found that was a proximate cause of the accident.
 
 
 7
 WMATA first contends that it is immune from liability under Section 80 of the WMATA Compact because the placement of bus stops is a governmental function. This contention misperceives the district court's findings. The district court did not base WMATA's liability on the placement of the bus stop. The district court found that the bus driver negligently failed to pull completely off the highway, even though there was room to do so. The bus driver's actions constituted the negligence and are not protected by any governmental immunity. We, therefore, need not address whether the placement of bus stops is a governmental function.
 
 
 8
 WMATA also contends that the district court erred by refusing to apply a Virginia statute that regulates the action of a bus picking up or discharging passengers on a highway. The statute provides that "[n]o truck or bus, or part thereof, ... shall be stopped on the traveled portion of any highway outside of cities and towns for the purpose of taking on or discharging ... passengers unless the operator cannot leave the traveled portion of the highway with safety." Va.Code Sec. 46.1-250. WMATA argues that it had a statutory right to stop the bus on the highway because the bus was stopped outside a city or town and it could not pull off the road safely. WMATA urges that the district court erred in holding the statute inapplicable simply because Route 123 is a congested area. We need not address this argument, however, because the district court found as a matter of fact that the bus could have pulled completely off the road. We cannot say that this finding was clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564 (1985); tenBraak v. Waffle Shops, Inc., 542 F.2d 919 (4th Cir.1976).
 
 
 9
 WMATA next contends that the district court erred by not ruling that John Doe's actions constituted the sole proximate cause of Hill's accident. It characterizes the accident as occurring solely because Doe ignored an obstruction in his path. WMATA relies on Hubbard v. Murray, 3 S.E.2d 397 (Va.1939), and Huffman v. Sorenson, 76 S.E.2d 183 (Va.1953), to support this position. Its reliance, however, is misplaced. Neither case supports the conclusion that John Doe's actions as a matter of law were the sole proximate cause of Hill's accident. The district court found that the bus driver was negligent in failing to pull off the highway completely, and that failure was not excused by Va.Code Sec. 46.1-250. The court further found that the bus driver's negligence was a proximate cause of the accident, and we cannot say this finding was clearly erroneous. See Baxley v. Fischer, 204 Va. 792, 134 S.E.2d 291, 295 (1964).
 
 
 10
 WMATA finally argues that the district court erred in not finding Hill contributorily negligent as a matter of law. John Doe makes the same argument. Both argue that Hill knew of Doe's erratic driving and should have seen the stopped bus, but failed to take precautions. Both assert that these facts lead to the inescapable conclusion that Hill was contributorily negligent. A finding regarding contributory negligence is ordinarily a factual finding. That is true here and we cannot say that the district court was clearly erroneous. See generally Elkins v. United States, 429 F.2d 297 (4th Cir.1970).
 
 
 11
 John Doe argues that the district court erred in holding him liable because the bus driver's negligence was the sole proximate cause of the accident. He asserts that Hill failed to meet his burden of proving that his negligence was a proximate cause of the accident. He argues that the "mere existence" of a John Doe vehicle was in question throughout the trial, so any negligence by its driver was also in doubt. He also urges that, assuming the existence of the Doe vehicle, the bus driver's negligence caused Doe to take evasive actions, and was the sole proximate cause of the accident. Again, the trial court made a factual finding on this issue. It found that an automobile driven by a John Doe passed Hill on the right and then cut in front of him to avoid hitting the bus. The court also found that Doe's actions were a cause of the accident. Trial testimony supported these findings and we cannot say they were clearly erroneous.
 
 
 12
 In view of the above, the district court's judgment against WMATA and Doe is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The defendant named in the complaint as John Doe
 
 
 [2]
 Pub.L. No. 89-774, 80 Stat. 1324. Codified at D.C.Code Ann. Sec. 1-2431 et seq. (1981); Md.Transp.Code Ann. Sec. 10-204 (1977)
 
 
 [3]
 Va.Code Sec. 46.1-250 (1986)
 
 
 [4]
 Doe was never identified. Hill therefore sought to recover for Doe's negligence under the uninsured and unidentified motorists provision of his own policy. Doe was the named party because under Virginia law insurance companies providing liability insurance to a party cannot be named as defendants without their consent. Va.Code Sec. 8.01-5(B)