**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT C. SCOTT,
Plaintiff-Appellant,

v.

No. 98-1461

FORD MOTOR COMPANY,
Defendant-Appellee.

SAIID ANHARY,
Movant.

ROBERT C. SCOTT,
Plaintiff-Appellee,

v.

No. 98-1500

FORD MOTOR COMPANY,
Defendant-Appellant.

SAIID ANHARY,
Movant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-96-1042-2)

Argued: October 29, 1999

Decided: August 18, 2000

Before WIDENER and MURNAGHAN, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by Designation.

_____

Affirmed by unpublished per curium opinion.

_____

**COUNSEL**

**ARGUED:** Douglas Early Ballard, Virginia Beach, Virginia, for Appellant. Richard Joshua Cromwell, MCGUIRE, WOODS, BAT-TLE & BOOTHE, L.L.P., Norfolk, Virginia, for Appellee. **ON BRIEF:** Albert Littleton Fary, Jr., Portsmouth, Virginia, for Appellant. Joseph K. Reid, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-Appellant, Robert Scott, brought this diversity action against Defendant-Appellee Ford Motor Company to recover in tort for injuries he sustained while climbing a ladder at Ford's plant on December 28, 1994. Scott asserted a claim for negligence and a claim for negligence per se (based on the ladder's asserted non-compliance with OSHA regulations).

The case was submitted to a jury in the United States District Court for the Eastern District of Virginia (Norfolk Division) on June 18, 1997. The district court instructed the jury on the elements required to establish a claim of negligence per se under Virginia law. According to the district court's instruction, Scott was required to prove (1) that Ford had a duty to exercise reasonable care; (2) that Ford breached its duty of care by installing a ladder that did not comply with applicable OSHA regulations; and (3) that Ford's breach proximately caused Scott's injuries.

2

The jury returned a verdict in favor of Ford on June 18, 1997. Scott filed a motion to set aside the verdict, arguing that the district court misrepresented the law of negligence per se when it included a proximate cause element in the jury instruction. The district court denied Scott's motion to set aside the jury's verdict.

Scott now appeals. He contends that proximate cause is not an element of negligence per se. In Scott's view, the district court should have instructed the jury that if the ladder violated the OSHA regulations, the jury should automatically return a verdict for Scott and proceed to damages, bypassing the proximate causation analysis. We find Scott's theory of negligence per se unsupportable. Accordingly, we affirm the district court.

I.

Scott worked for Motorola as a radio technician. He had a long and complex history of back problems, for which he had undergone eleven surgeries. On December 27, 1994, Scott visited his physician for continued lower back pain. His physician recommended that he remain in bed for one week.

Nevertheless, Scott ignored his doctor's orders and went to the Ford Motor Company plant in Norfolk, Virginia the following day to participate in a radio survey test, during which Scott knew he would have to scale a large ladder. While scaling the ladder, Scott severely strained his back, exacerbating his preexisting back problems.

Scott contended that the ladder was unsafe because it allegedly did not have side rails that extended beyond the last step, and that this caused him to injure himself while alighting from the ladder. He asserted that the absence of siderails, along with the fact that he had to step back rather than off to the side when exiting the ladder, constituted OSHA violations.

In his Complaint, Scott used these alleged OSHA violations as the basis for his negligence per se theory of liability. Now, on appeal, he argues that Ford's liability should turn solely on whether the ladder violated the OSHA regulations, even if the non-compliant ladder did

3

not proximately cause his injuries. Thus, he contends that the district court erred by grafting a proximate cause element onto the negligence per se jury instruction.

II.

We review challenges to the legal accuracy of a district court's jury instructions de novo.

Scott has several grounds of appeal. The sole question for our purposes, however, is whether the district court correctly included a proximate cause element when instructing the jury on negligence per se.

In Virginia (the state whose tort law governs in this diversity action), negligence per se is a recognized tort doctrine. It simplifies a plaintiff's burden of proof on the "breach" element of a prima facie negligence case. Plaintiffs in negligence cases ordinarily have to produce detailed factual evidence regarding the precise manner in which the defendant breached the duty of reasonable care. Negligence per se, however, allows the plaintiff to prove "breach" by showing simply that the defendant violated a statute or regulation that (a) covers the class of activities giving rise to plaintiff's injuries, and (b) was designed to protect the class of persons to which plaintiff belongs. See Williamson v. Old Brogue, Inc., 232 Va. 350, 355 (1986).

While negligence per se simplifies a plaintiff's "breach" showing, a plaintiff is still required to prove that the statutory violation was both the legal and proximate cause of his injuries. See Karim v. Grover, 235 Va. 550, 554-55 (1988). We have held that "[a] negligence per se instruction does not create strict liability; it would not remove the issue of proximate cause from the jury. Properly instructed, the jury still would be required to determine whether defendant's negligence [in violating the statute or regulation] caused or contributed to plaintiff's injury." Duty v. East Coast Tender Serv., Inc., 660 F.2d 933, 947 n.** (4th Cir. 1981) (en banc) (per curiam). See also Baxley v. Fischer, 204 Va. 792, 798 (1964) ("It is well settled that a violation of a statute . . . is negligence per se, but such negligence will not support a recovery for damages unless the violation was a proximate cause of the injury.").

4

Scott objects to the presence of a proximate cause element in the jury instruction despite the fact that Virginia law on negligence <u>per se</u> clearly requires its inclusion. Scott's theory of the case, as evidenced in his requested jury instruction, is that a plaintiff is entitled to recovery under negligence <u>per se</u> once he makes the bare showing that the defendant violated a statute or regulation. In Scott's view, no further evidence of causation between the statutory violation and the plaintiff's injury is required.

In his brief, Scott cites no authority to support his novel theory of negligence <u>per se</u>. The only authority consists of three cases Scott cited in proceedings before the district court below. None of the cases, however, justify the exclusion of proximate cause from the negligence <u>per se</u> analysis.

In fact, <u>Virginia Elec. & Power v. Savoy Construction</u>, 224 Va. 36 (1982), states exactly the opposite. There, the Virginia Supreme Court held that the Defendant was "entitled to an instruction properly drafted which would have left to the jury the question whether the negligence per se of [the Plaintiff] was a proximate cause" of Plaintiff's injuries. <u>Id</u>. at 45. The other two cases Scott cited below are also inapposite. <u>See Horne v. Owens Corning Fiberglass</u>, 4 F.3d 276, 284 (4th Cir. 1993) (addressing OSHA as evidence of the standard of care rather than as a basis for negligence <u>per se</u>), and <u>MacCoy v. Colony House Builders</u>, 239 Va. 64 (1990) (addressing independent contractor problems in the negligence <u>per se</u> context, rather than proximate cause problems).

III.

For the foregoing reasons, we find that the district court properly included a proximate cause element in the jury instruction on negligence <u>per se</u>. Scott's other grounds of appeal are also without merit.

<u>AFFIRMED</u>

5