## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NEAL V. COMMONWEALTH.

### March 13, 1919.

1. PROHIBITION ACT—*Possession of Liquor—Presumption—Rebuttal.*
   —The prohibition act does not interdict the possession in a
   home for private use of distilled liquor, wine, beer, or other
   malt liquor, the possession of which was lawfully acquired;
   but merely declares that the possession of more than the speci-
   fied quantity shall be *prima facie* evidence of a "purpose of
   sale." This presumption is simply a rule of evidence, and like
   other presumptions may be rebutted.

2. PROHIBITION ACT—*Possession of Liquor—Rebuttal Evidence—
   Case at Bar.*—In the instant case no evidence was adduced to
   prove that accused had ever sold or unlawfully disposed of
   any of the liquor found on his premises, or that he made it
   or had it in possession for any unlawful purposes. The Com-
   monwealth proved possession of liquor in excess of the quantity
   mentioned in section 65 of the prohibition act, and rested its
   case wholly upon the statutory provision that such possession
   constituted *prima facie* evidence of a "purpose of sale." In
   rebuttal the accused adduced evidence to the effect that the
   wine found on the premises was made by his wife for his
   sick mother, that the other liquid found was either slop water
   or vinegar.

   *Held:* That the evidence, if true, repelled the *prima facie* pre-
   sumption of guilt arising from the unexplained possession of
   the wine and vinegar.

3. PROHIBITION ACT — *Presumption from Possession of Liquor —
   Burden of Proof.*—When the Commonwealth has proved the
   possession of more than the specified quantity of ardent spirits,
   etc., and there is no rebuttal evidence of that fact, and none
   that it was lawfully acquired and was in the possession of the
   accused in his home for private use and not for sale, the
   *prima facie* presumption prescribed by the prohibition act, that
   it was kept for the purpose of sale, would generally be suffi-
   cient to warrant a conviction. But the Commonwealth's own
   evidence of possession might be such as to repeal the presump-
   tion that the possession was for an unlawful purpose, as, in

negligence cases, it sometimes happens that plaintiff's evidence develops such a case of contributory negligence as would bar a recovery.

4. PROHIBITION ACT — *Presumption from Possession of Liquor* — *Burden of Proof—Reasonable Doubt—Instructions.*—In the instant case, the evidence on behalf of the accused tends to show the lawful acquisition and possession of the beverages in question; and the jury was confronted by a *prima facie* presumption that the decoction was in the possession of the accused for the purpose of sale, on the one hand, and by the presumption of innocence fortified by rebuttal evidence on the other. In such case, the burden of proof to establish the guilt of the accused beyond a reasonable doubt rested on the Commonwealth and constituted a continuing burden which inheres in every stage of the prosecution. It follows that an instruction which relieved the Commonwealth of that burden and cast it upon the accused was erroneous. And this error is not cured by another instruction that if the jury had a reasonable doubt as to whether the beverages were made or kept for sale, they should find the defendant not guilty.

5. PROHIBITION ACT—*Witnesses—Impeachment.*—In a prosecution for violation of the prohibition act a witness testified as to a statement of accused that he had given away some of the beverages found on his premises. Accused denied having made such statement, and the purpose of the testimony was to impeach his credibility. The materiality of the evidence was not made to appear, but however that may be, the statement was not shown to have been made by the accused "when examined as a witness in his own behalf," and, therefore, was not admissible. Code of 1904, sec. 3901.

Error to a judgment of the Circuit Court of Lunenburg county.

*Reversed.*

The opinion states the case.

*Geo. E. Allen,* for the plaintiff in error.

*Jno. R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *F. B. Richardson,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

Neal was indicted under the prohibition act (Acts 1916, p. 215), and brings error to a judgment upon the verdict of a jury finding him guilty and fixing his punishment at one month's confinement in jail and a fine of $50.00.

The indictment followed the form prescribed by section 7 of the act, and charged the accused with being guilty of all the offenses enumerated therein. In point of fact, he was prosecuted under section 65, the pertinent part of which is as follows: "The possession by any person * * * in his home of more than one gallon of distilled liquor, one gallon of wine, or three gallons of beer, or other malt liquor, at any one time, shall in any proceeding under this act be *prima facie* evidence that such person possesses such distilled liquors, wine and malt liquor for the purpose of sale."

[1]    To sustain the prosecution, the Commonwealth proved that about two gallons of wine and eight or ten gallons of liquid in a state of fermentation were found in the dwelling of accused; but whether the latter was intoxicating or not was not shown. There was also discovered in a corn crib near the dwelling a barrel containing about fifteen gallons of some kind of "beverage or liquid," which appeared to be made out of meal and cane juice, and an analysis of which showed that it contained 2.14 per cent alcohol.

In the case of *Pine and Scott* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652. this court decided that the prohibition act does not interdict the possession in a home for private use of distilled liquor, wine, beer or other malt liquor; the possession of which was lawfully acquired; but merely declares that the possession of more than the specified quantity shall be *prima facie* evidence of a "purpose of sale."

[2]    This presumption is simply a rule of evidence, and,

like other presumptions, may be rebutted. No evidence was adduced to prove that the accused had ever sold or unlawfully disposed of any of the articles found on his premises, or that he made or had them in possession for an unlawful purpose. The Commonwealth proved the possession and rested its case wholly upon the statutory provision that such possession constituted *prima facie* evidence of a "purpose of sale." In rebuttal the accused adduced evidence to the effect that the wine was made by his wife for his sick mother from canned berries with California beer beans added to cause fermentation.

The other liquid found in the dwelling was not a beverage in any sense, but slop water left over from rinsing a molasses barrel. The liquid found in the crib was vinegar made from cane juice and intended for his own use.

Certainly this evidence, if true, repels the *prima facie* presumption of guilt arising from the unexplained possession of the wine and vinegar.

In this condition of the evidence the court, over the objection of the accused, gave instructions 2, 3 and 5, as follows:

No. 2. "The court * * * instructs the jury that where there is found in the possession of any person ardent spirits exceeding the amount allowed by law, the presumption is that such ardent spirits are being kept for unlawful purposes, as prescribed by the prohibition act, and throws upon the accused the burden of proving by a preponderance of the evidence that such ardent spirits were kept for legitimate purposes * * *."

No. 3. "The court further instructs the jury that it is unlawful for any person to have in his possession or in his home more than one gallon of distilled liquor, one gallon of wine or three gallons of beer, or other malt liquors, and that so far as this case is concerned the possession of more than one gallon of the beverage charged in the indictment

is a presumed violation of the law, and throws upon the accused the burden of proving by a preponderance of the evidence that such liquor or ardent spirits is not kept for the purpose of sale."

No. 5. "The court further instructs the jury that if they shall believe from the evidence that Charlie Neal had in his possession more than one gallon of the beverage which he had made or manufactured which contained more than one-half of one *per cent* of alcohol, that he is presumed guilty under this indictment."

In the case of *Pine and Scott* v. *Commonwealth, supra,* it was held that "the provision in the prohibition act that possession of more than the specified quantity of ardent spirits shall be *prima facie* evidence of a 'purpose of sale,' merely establishes a rule of evidence. * * * The presumption is merely *prima facie,* and may be rebutted."

[3] When the Commonwealth has proved the possession of more than the specified quantity of ardent spirits, etc., and there is no rebuttal evidence of that fact, and none that it was lawfully acquired and was in the possession of the accused in his home for private use and not for sale, the *prima facie* presumption prescribed by the prohibition act that it was kept for the purpose of sale would generally be sufficient to warrant a conviction. We say *generally* because it is possible to conceive a situation in which the Commonwealth's own evidence of possession might be such as to repel the presumption that it was unlawful. As, in negligence cases, it sometimes happens that plaintiff's evidence develops such a case of contributory negligence as would bar a recovery.

[4] In the present case, as observed, the evidence on behalf of the accused tends to show the lawful acquisition and possession of the beverages in question; and the jury was confronted by a *prima facie* presumption that the decoction was in the possession of the accused for the pur-

pose of sale, on the one hand, and by the presumption of innocence fortified by rebuttal evidence on the other. In such case, the burden of proof to establish the guilt of the accused beyond a reasonable doubt rested on the Commonwealth and constituted a continuing burden which inheres in every stage of the prosecution.

It must follow from the foregoing postulate that any instruction which, in the final result, relieves the Commonwealth of that burden and casts it upon the accused is erroneous.

This principle is recognized and illustrated in *Litton's Case,* 101 Va. 833, 849, 44 S. E. 923, 927, where the court sustained the following instruction: "The court instructs the jury that when the Commonwealth has proven that the accused has committed a homicide, and it does not appear from the circumstances given in evidence by the Commonwealth that the killing was of a lower degree than murder in the second degree or in self-defense, then it is a *prima facie* murder in the second degree, and the burden is cast upon the accused to prove that it was below murder in the second degree or in self-defense; and, if the Commonwealth seeks to elevate the offense to murder in the first degree, the burden is upon it to do so. Yet, when the evidence is all in, then, if the evidence both for the Commonwealth and the accused leave a reasonable doubt as to the guilt of the accused, the jury must find the prisoner not guilty."

So, in *Potts' Case,* 113 Va. 732, 73 S. E. 470, it was held: "A person charged with the commission of a crime is presumed to be innocent, and that presumption follows him throughout every stage of the prosecution. Moreover, the plea of not guilty denies every essential allegation of the indictment, and lays upon the prosecution the burden of proving the guilt of the defendant beyond a reasonable doubt. There is no shifting of this burden of proof. It

remains upon the State throughout the trial. The evidence may shift from one side to the other, and the State may establish such a state of facts as must result in a conviction unless the presumption they raise be met by evidence; but when the evidence is all in, if, upon a consideration of it *as a whole,* the jury entertain a reasonable doubt as to the guilt of the accused, they must find him not guilty, as the State has not sustained the burden of establishing his guilt beyond a reasonable doubt. The accused is not required to prove his innocence. The rule that the burden of proof is upon the Commonwealth is not affected by the modification that, in cases of homicide, where the defense of self-defense is interposed, it is incumbent upon the defendant to set it up by affirmative proof, unless the fact appears from the Commonwealth's own evidence."

In the case of *State* v. *Wilkerson,* 164 N. C. 431, at page 435, 79 S. E. 888, in a similar prosecution under the prohibition act of that State (the language of which, in the matter here involved, is practically identical with that of our own statute), the court, at page 890, says: "The jury were instructed that the fact of his (accused) having in his possession more than one gallon of the liquor made out a *prima facie* case against the defendant. If the court had stopped here, and not qualified this instruction, it would have been correct; but it did not do so, but went beyond the terms of the statute and the law when it further charged that it *then* was the duty of the defendant 'to go forward and satisfy the jury, by the greater weight of the evidence, that he did not have the liquor in his possession for the purpose of sale.' In this further instruction we think there was error." The court then proceeds to show that it was the province of the jury to consider the case in the light of all the evidence, giving weight to the *prima facie* presumption on the one side, the presumption of innocence on the other, and all the evidence

adduced. This case was approved and followed in *State* v. *Russell,* 164 N. C. 482, 80 S. E. 66, where it was held: "Where the statute makes the possession by one person of a certain quantity of spirituous liquor *prima facie* evidence of an unlawful intent to sell, the burden of the issue remains on the State to show the guilt, as charged in the indictment, beyond a reasonable doubt; and when the *prima facie* case has been established, under the provision of the statute, it does not forestall the verdict, for it only means that as evidence it is sufficient to establish the ultimate fact of guilt, and the jury may convict if they find that it is not explained or rebutted. The presumption of innocence is still with the prisoner, and the burden continues to rest upon the State to show guilt beyond a reasonable doubt."

Upon request of the accused, the court instructed the jury "that, although they may believe from the evidence in this case that there was found in the home of the defendant beverages analyzing a per cent of alcohol in excess of that allowed by law in quantities in excess of those allowed by law, yet if they shall further believe from the evidence that such beverages were not made or kept for purposes of sale, they should find the defendant not guilty. The court further instructs the jury that if they have any reasonable doubt as to whether the said beverages were made or kept for sale, they should find the defendant not guilty."

It is contended on behalf of the Commonwealth that in view of this instruction the accused could not have been prejudiced by instructions 2, 3 and 5, granted on its behalf. An answer to that contention is found in *State* v. *Wilkerson, supra,* 164 N. C. at page 441, 79 S. E. at page 892, where it is said: "It will be observed that in our case the court placed the entire burden upon the defendant to show his innocence, for the instruction to which exception

was taken is that the statute requires him to satisfy the jury by the greater weight of the evidence that in fact he did not have the liquor in his possession for the purpose of sale, whereas, according to all the authorities, and especially in *Barrett's Case* [138 N. C. 630, 50 S. E. 506, 1 L. R. A. (N. S.) 626], the burden is on the State throughout the trial.

"The defendant profited little or nothing by the subsequent charge that, if the jury had a reasonable doubt about the facts recited by the court, being those which the defendant must prove by the greater weight of the evidence, they should acquit. This, to say the least of it, was very confusing, if not contradictory. What advantage did he gain by the charge as to reasonable doubt, after the jury had been told that there was a presumption against him and he must 'satisfy them by the greater weight of evidence' of his innocence. It deprived him of the presumption of innocence and practically eliminated the benefit of the doctrine as to reasonable doubt by so weakening it that it amounted to nothing; and all this was done under a statute (Acts of 1913) which merely establishes a *prima facie* case for the State sufficient, it is true, to carry the case to the jury, with the right to convict, but leaving in full force the doctrine of reasonable doubt and also the presumption of innocence, for a man, even under our present laws, may have more than a gallon of liquor in his possession for a perfectly lawful and innocent purpose. It is not the possession that is unlawful, but the forbidden purpose for which it is held."

In *People* v. *Cannon,* 139 N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668, there is an instructive discussion of the effect and limitations upon the *prima facie* presumption rule in cases like the one in judgment. It is said, "* * * the accused must have in each case a fair opportunity to make his defense, and to submit the whole case to the jury, to be

decided by it after it has weighed all the evidence and given such weight to the presumption as to it shall seem proper. A provision of this kind does not take away or impair the right of trial by jury. It does not in reality and finally change the burden of proof. The people must at all times sustain the burden of proving the guilt of the accused beyond a reasonable doubt. It, in substance, enacts that, certain facts being proved, the jury may regard them, if believed, as sufficient to convict, in the absence of explanation or contradiction. Even in that case the court could not legally direct a conviction. It cannot do so in any criminal case. That is solely for the jury, and it could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, even though the statutory *prima facie* evidence were uncontradicted. The case of *Commonwealth* v. *Williams*, 6 Gray (Mass.) 1, supports this view."

[5] With respect to the exception to the admissibility of the testimony of the witness, H. T. Faison, attributing to the accused the statement that he had given away some of the beverages found on his premises. Accused denied having made such statement, and the purpose of the testimony was to impeach his credibility. The materiality of the evidence was not made to appear, but, however that may be, the statement was not shown to have been made by the accused "when examined as a witness in his own behalf," and, therefore, was not admissible. Code, sec. 3901.

For the error of the court in giving instructions 2, 3 and 5, and for the admission of the evidence excepted to, the judgment will be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.*