## Staunton

EDITH SWEET PICKETT v. ARTHUR LEONARD COOPER.

September 2, 1960.

Record No. 5124.

Present, Eggleston, C. J., and Spratley, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Paul Whitehead* (*J. Frank Shepherd*, on brief), for the plaintiff in error.

*William Rosenberger, Jr.* (*Perrow & Rosenberger*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court. .

The plaintiff below, Mrs. Pickett, was injured in a collision between an automobile driven by her husband, in which she was a passenger, and one operated by the defendant, Cooper. She brought this action for damages against Cooper, a jury returned a verdict in Cooper's favor, on which judgment was entered, and the plaintiff appeals. She contends that the trial court erred in its rulings on instructions and in refusing to set aside the verdict on the ground that the evidence was conclusive that the defendant was guilty of negligence.

The accident occurred in Amherst county on June 1, 1958, about 6:30 p.m., on U. S. Highway 29, a two-lane road running north and south at the place of collision. Its hard surface was about 20 feet wide with an almost level shoulder about 18 feet wide on its west side. The place of collision was on a straight stretch about midway of a long and fairly steep hill. The car in which the plaintiff was riding was going south down the hill and the defendant was driving north up the hill with his wife, their three children and her mother in the car. It was raining and the road was wet.

The plaintiff introduced testimony in support of her version of the accident to the following effect:

As the Pickett car, with Pickett driving and Mrs. Pickett sitting beside him, proceeded down the hill in the southbound lane at a speed of 40 to 45 miles an hour, it was meeting three or four cars coming up the hill at about the same speed in the northbound lane. The Cooper car was the last in the line, going faster than those in front, and when the Pickett car was maybe 150 to 200 feet away, the Cooper car pulled out from behind the line of cars as if to pass. Pickett said to his wife, "What is that fool trying to do?" Cooper saw the Pickett car and tried to pull back into his lane but his car swerved to its left into the southbound lane across the path of the Pickett car when the latter was almost on it. The left front of the Pickett car struck the left side of the Cooper car. After the collision

the Cooper car was in the middle of the road headed west, and the Pickett car was on the west shoulder headed north. The damage to the Pickett car was largely on its left front. The plaintiff's head struck and broke the windshield of the Pickett car. The left side of the Cooper car from the door to the rear was ripped away and Cooper's wife and children were thrown into the road.

As the Coopers were being taken to a hospital, Cooper stated something about a blowout and said that the collision was all his fault.

The version of the defendant, as presented by the testimony offered by him, was to the effect that the defendant, Cooper, was driving up the hill at a speed of 30 to 35 miles an hour in his own lane of travel; that the closest car ahead of him was 300 to 400 feet away and he was not trying to pass as it was raining hard, the sky was dark and he had his parking lights on. He saw the Pickett car as it came down the hill and in that instant the left rear tire of the Cooper car blew out and, as Cooper described it, "the front end went this way and I was fighting it back and then the second time it went and this car was coming straight at me and instead of hitting him head-on I jerked my front end back and that is when he hit my left rear."

He could still steer his car after the blowout and was able to turn the front end back to the right the first time but couldn't keep it there, and when it started out the second time the Pickett car was coming head on. He did not say on the way to the hospital that it was all his fault.

Mrs. Cooper said she heard a slight noise like a firecracker and the car skidded, then went back to its proper side of the road but then skidded out again, and as she looked up the Pickett car appeared to be coming through the window.

An expert witness testified that the Cooper tire showed it had blown out.

Whether the defendant, Cooper, was liable to the plaintiff for her injuries depended upon whether he was guilty of negligence which was a proximate cause of the collision. The collision occurred entirely on the defendant's wrong side of the road. He sought to explain that his car was there not because he was negligent in driving it there, but because a tire blew out and he was unable to keep it on its proper side of the road. It was proper under the evidence to submit to the jury the doctrine of sudden emergency, and the plain-

tiff's assignment of error to the effect that the defendant was guilty of negligence as a matter of law was not well taken.

The doctrine of sudden emergency, however, was presented to the jury by instructions given for the defendant which were erroneous and prejudicial to the plaintiff.

Instruction G told the jury that if they believed from the evidence that "it is as likely as not that the left rear tire blew out," producing without defendant's fault a sudden emergency in which he operated his car as a reasonable person would have done under the same or similar circumstances, they should find for the defendant.

The phrase "as likely as not," which occurs also in Instructions F and K granted for the defendant, is inapt and incorrect in an instruction on the burden of proof. It suggests a guessing process which ought not to be resorted to in arriving at a verdict. In this instance in Instruction G it placed the burden on the wrong party and in effect required the plaintiff to prove that the tire did not blow out.

It was the defendant's burden to explain the presence of his automobile on the wrong side of the road. The fact that it was there made a *prima facie* case of negligence for the plaintiff. The burden was then on the defendant to produce evidence to show why it was there. His evidence was that his tire blew out, creating an emergency and causing him to lose control. If the jury could reasonably believe from his evidence that the tire did blow out and create the emergency claimed by the defendant, the burden then was on the plaintiff to show by a preponderance of the whole evidence that there was negligence on the part of the defendant which was a proximate cause of her injuries. *Interstate Veneer Co.* v. *Edwards*, 191 Va. 107, 113-14, 60 S. E. 2d 4, 7-8; *Daniels* v. *Transfer Co.*, 196 Va. 537, 546, 84 S. E. 2d 528, 534; *Fletcher, Adm'r* v. *Horn*, 197 Va. 317, 321, 89 S. E. 2d 89, 92.

When the driver of an automobile, without prior negligence on his part, is confronted with a sudden emergency and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence. *Southern Passenger Motor Lines* v. *Burks*, 187 Va. 53, 60, 46 S. E. 2d 26, 30.

Instruction B, given for the defendant, told the jury that a person relying on the principle must be "allowed a reasonable time to comprehend the situation before being required to act". The quoted

language injects an element inconsistent with the basic principle of the doctrine and should not be used in an instruction on the subject. In *Virginia Transit Co.* v. *Durham,* 190 Va. 979, 995, 59 S. E. 2d 58, 66, we said that in the law of negligence an emergency is defined as " 'an event or combination of circumstances which calls for immediate action without giving time for the deliberate exercise of judgment or discretion . . .' " See 38 Am. Jur., Negligence, § 41 at p. 687.

The plaintiff did not object to the instruction because of the quoted phrase and cannot avail herself on this appeal of error in that regard. It is discussed in order that on a retrial it be not considered as approved.

For the error in granting Instruction G the judgment appealed from is reversed and the case is remanded for a new trial.

*Reversed and remanded.*