## CIRCUIT COURT OF FAIRFAX COUNTY

Fawaz Habib

v.

Charles C. Blanchard, Jr., et al.

November 13, 1991

Case No. (Law) 99371

By JUDGE MARCUS C. WILLIAMS

This is a wrongful death action brought by the estate of Leyla Habib as a result of an automobile accident which occurred on September 13, 1988. On that date, Mrs. Habib was driving northbound on Route 123 in Fairfax County. The two right wheels of her car dropped onto the shoulder of the road. The distance of the drop between the edge of the road and the shoulder was such that when Mrs. Habib attempted to re-enter the road surface it caused her to lose control of the car. The car then crossed the median of the road and crashed into an oncoming school bus.

The motion for judgment was filed by Plaintiff on August 23, 1990, naming among others[1] as Defendants, the Commonwealth of Virginia, and two individuals, Charles C. Blanchard, Jr., and Denvert Lane. Plaintiff alleged that the Defendants Blanchard and Lane were charged with the duty to inspect and maintain the highway where the accident occurred and that the Defendants were negligent and in

---

[1] The action as against the other Defendants, Andrew Bailey, W. D. Craun, and Peter Todd, was nonsuited.

breach of their duties in failing to correct the defective roadway. The Defendants responded that they owed no duty of care to Leyla Habib, that Leyla Habib was contributorily negligent, and that they were entitled to sovereign immunity.

The case proceeded to trial before a jury on August 19, 1991. The jury returned a verdict in favor of the Plaintiff and against the Commonwealth, and Messrs. Lane and Blanchard in the amount of one million two hundred thousand dollars. The Defendants brought motions to set aside the verdict; to compel to elect a remedy; for a new trial and a remittitur of damages. Also, the Defendants have pleaded sovereign immunity.

Defendants' plea of sovereign immunity and motion to set aside raise certain primary issues. One issue is whether Defendants Denvert Lane and C. C. Blanchard are entitled to sovereign immunity for their acts. Another, is whether the Court was in error in giving Instruction 11 concerning "sudden emergency." The Court will address these two issues first and then address the other motions raised by Defendants.

I. *Whether Defendants Denvert Lane and C. C. Blanchard Are Entitled to Sovereign Immunity for their Negligent Acts.*

By agreement of the parties, special interrogatories were submitted to the jury on the issue of whether Defendants Lane and Blanchard had actual notice of the defective condition and whether they were negligent or grossly negligent.

The jury responded in special verdicts that they found Defendants Blanchard and Lane had actual notice of the shoulder condition and that both Blanchard and Lane were negligent.

At the hearing on the plea, the Commonwealth argued that the Court, as opposed to the jury, is responsible for making independent factual findings in deciding the plea of sovereign immunity. The Court does not accept the Defendants' contention that it is required to make independent factual findings to determine whether immunity should be granted. The jury is competent to decide factual questions of actual notice. The Court has no basis for disturbing the jury's findings on that issue. Assuming that it is re-

quired to make such findings, the Court finds that Defendants Blanchard and Lane had actual notice of the defective condition in question.

The evidence upon which the jury could have based its verdict is as follows:[2] (1) Defendants Lane and Blanchard were in a position to see the defective condition prior to the accident (Blanchard at 24, 38; Lane at 27); (2) The condition of the shoulder at the time of the accident constituted a defect. (Blanchard at 28; Todd at 7 through 8; stipulation); (3) The nature of the defect could cause the driver of the vehicle that encountered it to lose control of the vehicle, and the defect was a hazard to the safety of the motorist. (Bailey at 16 through 17; Defendants' expert Steven Chewning; Blanchard at 28, 29, 47; Todd at 9); and (4) The condition of the shoulder, if a defect existed, required prompt repair. (Blanchard at 27, 28, 29; 45 through 46; Todd at 6, 9, 12, 22; Bailey, 16, 17).

Moreover, the Defendants have stipulated that the condition of the shoulder at Route 123 northbound, north of Hampton Road, as depicted in the photographs taken by Officer Culin, was one which required maintenance and that the condition should have been repaired within one to two days of the actual notice of the condition by the employees who had authority to make repairs.

In order to determine the individual Defendants' entitlement to sovereign immunity, the Court must first decide whether the actions required of these Defendants to repair the roadway were of a ministerial or discretionary nature. The jury found that the Defendants had actual notice of the defective condition. Also, Mr. Gaddy, a contractor of the Virginia Department of Transportation, testified that he had the capability to bring the shoulder up to the grade of the highway surface. All Mr. Lane or Mr. Blanchard had to do was to order that the repairs be done. When confronted with the defective condition on the shoulder, the Defendants were required to make repairs within two days. The actions required of Mr. Lane

[2] References to individual testimony are from the partial transcripts submitted by counsel.

and Mr. Blanchard involved no discretion on their part. Their responsibility was clearly ministerial in nature.

II. *Whether the Four Part Analysis of James v. Jane Is Applicable Where the Defendants Are Required to Perform Ministerial Duties.*

Defendants cite *Bowers v. Commonwealth*, 225 Va. 245 (1983), in support of their argument that the four part analysis of *James v. Jane*, 221 Va. 43 (1980), should be applied to the Defendants and their actions. While the Defendants may have certain discretionary responsibilities in connection with their employment, their failure to act in this case had nothing to do with the exercise of discretion. In *Bowers*, the court recognized that the VDOT Resident Engineer had broad discretion in his job. There, the act complained of involved a design defect of a culvert. The use of a particular design in a culvert involves the exercise of discretion. The failure to act here involved no exercise of discretion.

The Commonwealth contends that the four part analysis of *James v. Jane* also is applicable to actions that are ministerial in nature. The Court can find no support for this contention under current case law. Although the Supreme Court has applied a four part analysis to cases where public employees and officials were engaged in tasks that required the exercise of judgment and discretion, the Supreme Court has not applied the four part analysis to cases where ministerial acts were involved. *See First Virginia Bank-Colonial v. Baker*, 225 Va. 72 (1983); *Heider v. Clemons*, 241 Va. 143, 145 (1991).

In *Baker*, a circuit court clerk was held liable for the failure of her deputy clerk to properly record a lien on real property. As a result of the clerk's indexing error, a bank was prejudiced in recovering its losses at foreclosure of the property. The Supreme Court held that the clerk was liable to the bank despite a plea of sovereign immunity because the deputy clerk's actions constituted misfeasance of a ministerial duty. The Court further held that the clerk was responsible for the ministerial acts of her deputy. 225 Va. at 78-80. In *Baker*, the Supreme Court did not apply the four part test that it utilized in *James v. Jane*. The Supreme Court has applied

this test only in cases where the act complained of involved the use of discretion on the part of the employee. *See Lentz v. Morris,* 236 Va. 78 (1988) (teacher's supervision and control of a class involved the exercise of judgment and discretion by the teacher); *Gargiulo v. Ohar,* 239 Va. 209 (1990) (state hospital physician was required to exercise discretion with her patients); *Colby v. Boyden,* 241 Va. 125 (1991) (police officer's decision to engage in vehicular pursuit was discretionary). Here, the failure to act was not due to an exercise of judgment or discretion, but was of a ministerial nature.

Again, in *Heider v. Clemons,* 241 Va. 143 (1991), the Supreme Court declined to employ the four part test where a deputy sheriff was held to be negligent in the operation of an automobile. The Court made a passing reference to the four part test before saying that sovereign immunity does not apply to "the performance of duties which do not involve judgment or discretion in their performance . . ." *Heider* at 145, quoting *Wynn v. Gandy,* 170 Va. 590, 595 (1938). However, the Supreme Court implied that sovereign immunity may be applicable where there are special risks arising from governmental activity.

Assuming *arguendo* that this Court is required to consider whether a special risk exists, the circumstances here do not indicate any special risks to government. The Defendants were confronted with a defective condition of which they had actual notice. Their responsibility to repair under the facts of this case was clear and presented no unusual burdens with regard to execution. At minimum, the Commonwealth had the burden of warning the driving public of the defect by posting appropriate signs even if it chose not to effect repairs immediately. Even applying such a burden on a state-wide basis under facts similar to these would not appear to present any special risk. On balance, the special governmental risks here are no greater than they would have been in *Baker, supra.* Based upon the foregoing, the Defendants Lane and Blanchard are not entitled to immunity.

*III. Whether There Was Error in Giving Instruction 11 Concerning "Sudden Emergency."*

At trial, the Court granted Plaintiff's request for Instruction 11, which is Virginia Model Jury Instruction 7.000. It was submitted to counter Defendant's allegation of Plaintiff's contributory negligence. The Plaintiff argues that Mrs. Habib was faced with a "sudden emergency" when she made contact with the defective shoulder which caused her to steer her car into the path of an oncoming school bus. Defendants argue that Mrs. Habib was contributorily negligent in her actions from the point that she found herself driving on the shoulder of the road. There is nothing in evidence which leads irrefutably to the conclusion that Mrs. Habib was negligent in running onto the shoulder of the road or that she was negligent in her attempt to exit from the shoulder of the road. The issue of Mrs. Habib's fault or contributory negligence was properly left to the jury to decide.

The Commonwealth cites *Pickett v. Cooper*, 202 Va. 60 (1960), which said that the party requesting the sudden emergency instruction had the burden of explaining that party's presence of his automobile on the wrong side of the road. The Supreme Court said that an automobile on the wrong side of the road was *prima facie* negligence. *Id.* at 63. However, Mrs. Habib's presence on the shoulder of the roadway is not the same as being on the wrong side of the road. The Court can discern no reason why mere presence on a road shoulder should give rise to *prima facie* negligence on the part of Mrs. Habib. The evidence in this case was not so one-sided that the Court could determine as a matter of law that Mrs. Habib was necessarily at fault so as to preclude the granting of a sudden emergency instruction. In *Carolina Coach Co. v. Starchia*, 219 Va. 135 (1978), the court said that:

> [W]hen the evidence is in conflict or when diverse inferences may be properly drawn from the evidence, it is for the jury to say (1) whether defendant was confronted with an emergency; (2) whether any such emergency was created by defendants; (3) whether, after creation

of the emergency, defendant acted as an ordinary prudent person.

219 Va. at 141. Unless reasonable persons could not disagree on the facts and the inferences which may be drawn therefrom, then the question of whether a party's negligence creates a sudden emergency is a matter for the jury, not the court. *Howell v. Cahoon*, 236 Va. 3, 5-6 (1980).

Because of diverse inferences that can be drawn from the testimony and exhibits in evidence, the question of whether there was a sudden emergency was one properly left to the jury. Therefore, Instruction 11 was properly given.

### IV. *Whether the Damages Awarded in This Case Were Excessive*

Defendants contend that the jury verdict of one million two hundred thousand dollars against the Defendants was excessive. After a review of the evidence in this case, the Court cannot find that the verdict was excessive. Mrs. Habib, age 25, left a husband and a 5 year old daughter. The jury could find based on the evidence that she suffered a substantial lost of income because of her death, and that her death resulted in sorrow, mental anguish, as well as loss of companionship, comfort and guidance to her surviving husband and daughter. The verdict is not so far out of line that it indicates that the jury was motivated by passion or any other improper motive, or that the jury failed to follow the law.

### V. *Whether the Court Should Require the Plaintiff to Elect His Remedy.*

The Commonwealth has moved the Court to limit the Commonwealth's liability to $75,000, pursuant to Va. Code Section 8.01-195.3. Moreover, the Commonwealth argues that Va. Code § 8.01-195.8 of the Virginia Tort Claims Act requires the Plaintiff to release all claims against Commonwealth employees in order to avail itself of any judgment against the Commonwealth.

With regard to the statutory limitations contained in Va. Code § 8.01-195.3, the Court grants the Commonwealth's motion to reduce the award against the Commonwealth

to $75,000. However, the Commonwealth's motion to require the Plaintiff to elect his remedy is denied. Virginia Code Section 8.01-195.8, does not contemplate any formal election of remedies. It simply provides that if a Plaintiff pursues the Commonwealth for satisfaction of the claim or judgment, then the Plaintiff must release all of its claims against the Commonwealth as well as its officers and employees for actions in connection with or arising out of the occurrence complained of.

### Conclusion

Based on the foregoing, the Court makes the following rulings.

1. The Defendants' pleas of sovereign immunity are overruled.

2. The Commonwealth's exception to instruction number 11 is overruled.

3. The motion to set aside the award of damages as excessive is overruled.

4. The Defendants' motion to limit damages against the Commonwealth to $75,000 is granted.

5. The Defendants' motion to require the Plaintiff to elect his remedy is denied.