Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons,
and Agee, JJ., and Lacy, S.J.[1]

TOKTAM VAHDAT

v.  Record No. 061960  OPINION BY JUSTICE CYNTHIA D. KINSER
                                   September 14, 2007
ANTHONY WAYNE HOLLAND

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

In this appeal, we once again address the sudden
emergency doctrine and decide what, if anything, an
instruction on that subject must include with regard to a
defendant's evidentiary burden.  Because we conclude that
the circuit court did not err by giving a sudden emergency
instruction that contained no reference to the defendant's
evidentiary burden, we will affirm the judgment of the
circuit court.

Toktam Vahdat filed an amended complaint in the
circuit court against Anthony Wayne Holland, seeking
damages for personal injuries she allegedly sustained as a
result of an automobile accident.  The case proceeded to a
jury trial.  Vahdat testified that, while driving her
vehicle in the left, southbound lane of traffic, she
noticed the vehicle operated by Holland following too

---

[1] Justice Lacy participated in the hearing and decision
of this case prior to the effective date of her retirement
on August 16, 2007.

closely behind her vehicle.  According to Vahdat's testimony, Holland, while attempting to pass her by driving in the center turning lane, accelerated across the two northbound lanes of traffic and struck a utility pole.  As a result, the utility pole toppled over, and the cables attached to the pole fell onto the hood of Vahdat's vehicle, damaging it.

Testifying in his own defense, Holland claimed that, while accelerating after a traffic signal changed in favor of southbound traffic, he experienced a "blackout" from which he did not regain consciousness until after the accident.  Holland denied tailgating Vahdat prior to losing consciousness.  Holland testified that he was diagnosed with Type II diabetes in 1995, but that he had never experienced a "blackout" as a result of his condition either before or since the day of the motor vehicle accident at issue.  Holland stated that, on the day of the accident, he followed his routine practice of checking his blood sugar level several times throughout the day. According to Holland, he noticed nothing unusual about his blood sugar level prior to the accident, but medical personnel attending to Holland after the collision administered glucose gel as a means of correcting his low blood sugar level.

At the conclusion of all the evidence, each party tendered jury instructions relating to the sudden emergency doctrine.  The instruction submitted by Vahdat stated:

> The defendant contends that he was confronted with a sudden emergency.  A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.  Foreseeable events do not give rise to a sudden emergency.

> The defendant bears the burden of proving that, at the time of the accident, he had a diabetic blackout, and that he did not foresee such a blackout as a possibility.  If you believe from the evidence that it is more likely than not that the defendant either did not have a diabetic blackout or had sufficient notice of an impending blackout so that he could have stopped the car prior to causing the accident complained of here, but did not stop the car, then the defendant was negligent.

Holland's version of the sudden emergency instruction read:

> The defendant contends that he was confronted with a sudden emergency.  A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.

> If you believe from the evidence that the defendant, without negligence on his part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, he was not negligent.

Vahdat argued before the circuit court that the evidence did not support an instruction on the "sudden emergency" doctrine at all, but offered her own

3

"precautionary instruction" on sudden emergency in case the circuit court decided one was merited. In support of her tendered instruction, Vahdat asserted that Holland, as the defendant, has the burden to prove a sudden emergency occurred at the time of the accident.

The circuit court concluded that the evidence was sufficient to warrant an instruction on the sudden emergency doctrine. The court, however, refused Vahdat's version of the sudden emergency instruction and, over Vahdat's objection, granted the one submitted by Holland. The court reasoned that a defendant does not have the burden to prove the occurrence of a sudden emergency. The jury returned a verdict in favor of Holland, upon which the circuit court entered final judgment. We awarded Vahdat this appeal limited to the question whether the circuit court erred by granting an instruction on the sudden emergency doctrine that did not include language "imposing a burden of proof, production, or persuasion" on Holland "to substantiate that defense."[2]

---

[2] Whether the circuit court erred by giving any jury instruction on the sudden emergency doctrine is not before us. Nonetheless, we reiterate, "the grant of a sudden emergency instruction is rarely appropriate." Jones v. Ford Motor Co., 263 Va. 237, 263, 559 S.E.2d 592, 605 (2002); accord Herr v. Wheeler, 272 Va. 310, 315, 634 S.E.2d 317, 320 (2006).

4

The sudden emergency doctrine provides that "[w]hen the driver of an automobile, without prior negligence on his part, is confronted with a sudden emergency and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence." Pickett v. Cooper, 202 Va. 60, 63, 116 S.E.2d 48, 51 (1960) (citing Southern Passenger Motor Lines, Inc. v. Burks, 187 Va. 53, 60, 46 S.E.2d 26, 30 (1948)); accord Velocity Express Mid-Atlantic, Inc. v. Hugen, 266 Va. 188, 193, 585 S.E.2d 557, 560 (2003). Although Vahdat does not contend that the doctrine of sudden emergency is an affirmative defense, she asserts that, based on our prior case law, a defendant has the burden to prove by a preponderance of the evidence the existence of a sudden emergency. Thus, according to Vahdat, the circuit court erred by failing to properly instruct the jury that Holland, in relying on the defense of sudden emergency, had this burden. We do not agree.

In Daniels v. C.I. Whitten Transfer Co., 196 Va. 537, 84 S.E.2d 528 (1954), the Court rejected an argument virtually identical to the one advanced by Vahdat in this appeal. Id. at 545, 84 S.E.2d at 533. In doing so, the Court held that the sudden emergency doctrine "does not constitute an affirmative defense shifting the burden of

5

proof in the case." Id. (citing Southern Passenger Motor Lines, 187 Va. at 59, 46 S.E.2d at 29); but see Monahan v. Obici Med. Mgmt. Servs., Inc., 271 Va. 621, 632, 628 S.E.2d 330, 336 (2006) (holding that mitigation of damages is an affirmative defense, and "[c]onsequently, the defendant bears the burden of proving that the plaintiff failed to mitigate his damages") (citations omitted). We explained that, when a plaintiff presents a prima facie case of negligence, a defendant, relying on the defense of sudden emergency, must then make "a reasonable explanation, such an explanation as the jury could accept, showing that what happened was due to something other than the negligence of [the defendant]." Daniels, 196 Va. at 546, 84 S.E.2d at 533–34. But, we emphasized, "[n]otwithstanding this burden of producing evidence in explanation, the ultimate burden remained on the plaintiff to prove her case, that is, to show by a preponderance of the evidence that her injuries were caused by the negligence of the defendants." Id., 84 S.E.2d at 534. We also noted that, if the plaintiff in Daniels had desired, she could have requested the trial court to grant an instruction regarding the defendants' duty to make a reasonable explanation for their actions. Id. at 547, 84 S.E.2d at 534.

Vahdat, however, claims that our opinion in Daniels was ambiguous as to whether the requirement of producing evidence in explanation in order to rebut a plaintiff's prima facie case of negligence imposed on a defendant a burden of persuasion or a burden of production as to the existence of a claimed sudden emergency. Conversely, she asserts that our decisions in Gaines v. Campbell, 159 Va. 504, 166 S.E. 704 (1932), Carolina Coach Co. v. Starchia, 219 Va. 135, 244 S.E.2d 788 (1978), and Pickett demonstrate that a defendant who relies on the doctrine of sudden emergency has the burden of showing the existence of such an emergency by a preponderance of the evidence. None of these cases, however, stands for that proposition.

In Gaines, the trial court instructed the jury "that[,] in order to excuse the defendant, [it] must believe from a preponderance of the evidence that [a] sudden emergency did, in fact, exist, and that the emergency was brought about through no fault of the defendant himself." 159 Va. at 524, 166 S.E. at 711. This Court found no error either in that instruction or in other instructions that were challenged on appeal. It is evident, however, from the Court's opinion that the question now before us was not at issue in Gaines. Furthermore, the instruction did not actually state that

7

the defendant bore the burden of proving the existence of a sudden emergency by a preponderance of the evidence.

Similarly, in Carolina Coach, the defendant tendered an instruction with almost identical language as the instruction in Gaines.  In relevant part, the instruction stated that the defendant could not be held liable if the jury "believe[d] from a preponderance of the evidence that the defendant . . . was confronted with a sudden emergency."  219 Va. at 141 n.2, 244 S.E.2d at 792 n.2.  The only question before the Court relating to the sudden emergency doctrine was whether the trial court erred in refusing to give any instruction to the jury on that issue.  Id. at 141, 244 S.E.2d at 792.  Thus, as in Gaines, the actual language of the instruction was not at issue.  In other words, neither in Gaines nor in Carolina Coach did we express any opinion about whether the respective instructions were correct statements of law.

Finally, in Pickett, we held that the trial court erred by instructing the jury "that if [it] believed from the evidence that 'it is as likely as not that the left rear tire blew out,' producing without defendant's fault a sudden emergency in which he operated his car as a reasonable person would have done under the same or similar circumstances, they should find for the defendant."  202

8

Va. at 63, 116 S.E.2d at 51.  We stated that the phrase "as likely as not" was "inapt and incorrect in an instruction on the burden of proof" because "it placed the burden on the wrong party and in effect required the plaintiff to prove that the tire did not blow out."  Id.  We then articulated the defendant's evidentiary burden when relying on the sudden emergency defense:

> It was the defendant's burden to explain the presence of his automobile on the wrong side of the road.  The fact that it was there made a prima facie case of negligence for the plaintiff.  The burden was then on the defendant to produce evidence to show why it was there.  His evidence was that his tire blew out, creating an emergency and causing him to lose control.  If the jury could reasonably believe from his evidence that the tire did blow out and create the emergency claimed by the defendant, the burden then was on the plaintiff to show by a preponderance of the whole evidence that there was negligence on the part of the defendant which was a proximate cause of her injuries.

Id.  This holding, like that in Daniels, requires a defendant only to produce evidence of a reasonable explanation.

Thus, we conclude that, based on our prior cases, a defendant does not have the burden of proving the existence of a sudden emergency by a preponderance of the evidence.  A defendant relying on that doctrine needs only to produce evidence explaining that the accident was due to something other than the defendant's negligence.  Daniels, 196 Va. at

546, 84 S.E.2d at 533-34. The burden of producing such evidence (also referred to as the burden of going forward) shifts to a defendant when a plaintiff makes out a prima facie case of negligence. Garnot v. Johnson, 239 Va. 81, 84, 387 S.E.2d 473, 475 (1990); Watford v. Morse, 202 Va. 605, 607, 118 S.E.2d 681, 683 (1961). The burden of producing evidence may frequently shift from party to party during the course of a trial. Riggsby v. Tritton, 143 Va. 903, 918, 129 S.E. 493, 498 (1925). A plaintiff, however, always has the burden of persuasion (also referred to as the burden of proof) on the issue of primary negligence; it never shifts. Garnot, 239 Va. at 84, 387 S.E.2d at 475.

Accordingly, we hold that the circuit court did not err in giving the sudden emergency instruction tendered by Holland. Since Holland did not have the burden of proving the existence of a sudden emergency by a preponderance of the evidence, Vahdat's tendered instruction was not a correct statement of law. Furthermore, an instruction on the sudden emergency doctrine does not need to include any reference to a defendant's burden to produce evidence of a reasonable explanation because the question of sudden emergency would not be properly submitted to a jury if a defendant did not produce sufficient evidence to support an instruction on the subject. See Pollins v. Jones, 263 Va.

10

25, 28, 557 S.E.2d 713, 714 (2002) ("A jury instruction may be given only if there is evidence to support the instruction.").

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.