Present:  All the Justices

DONALD GIBSON

v.  Record No. 131256

OPINION BY
CHIEF JUSTICE CYNTHIA D. KINSER
April 17, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

The Commonwealth filed a petition for the civil commitment of Donald Gibson as a sexually violent predator pursuant to the Civil Commitment of Sexually Violent Predators Act (SVPA), Code §§ 37.2-900 through -921.  After the fact finder determined that Gibson is a sexually violent predator, the circuit court shifted to Gibson the burden of proof to establish that he satisfies the criteria for conditional release.  Because the burden of proof does not shift, we will reverse the circuit court's judgment.

RELEVANT FACTS AND PROCEEDINGS

The Commonwealth filed its petition pursuant to Code § 37.2-905 and requested the circuit court to hold that Gibson is a sexually violent predator under Code § 37.2-908 and to find that no suitable less restrictive alternative to involuntary secure inpatient treatment is available.  See Code § 37.2-908(D).  Following its determination that probable cause existed to believe that Gibson is a sexually violent predator, see Code § 37.2-906(A), the court circuit conducted a two-day jury trial.  Upon the conclusion of the evidence, the jury found that Gibson

is a sexually violent predator as defined in Code § 37.2-900.[1] The circuit court entered an order in accord with the jury's verdict. Pursuant to Code §§ 37.2-908(D) and (E), the circuit court ordered that the trial be continued to receive additional evidence on possible alternatives to commitment and to determine whether Gibson meets the criteria for conditional release or should be committed to the custody of the Department of Behavioral Health and Developmental Services (DBHDS).

At the commencement of the reconvened trial to determine Gibson's suitability for conditional release, the circuit court stated: "[W]e go forward with the second phase of this hearing and I believe [Mr. Gibson], the burden is on you to proceed." Gibson objected, arguing that the burden was on the Commonwealth to prove the elements of Code § 37.2-912 are not satisfied. Gibson stated: "It's the burden of the Commonwealth . . . to prove by clear and convincing evidence that there is not a conditional release plan that will meet [the] factors" outlined in Code § 37.2-912. In response, the Commonwealth, citing Commonwealth v. Bell, 282 Va. 308, 714 S.E.2d 562 (2011), argued that the burden is on Gibson to prove by a preponderance

---

[1] In relevant part, the term "[s]exually violent predator means any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900.

2

of the evidence that he meets the criteria for conditional release. The circuit court agreed with the Commonwealth. Relying on Bell and Code § 37.2-912, the circuit court shifted to Gibson the burden of proof to demonstrate that he satisfies the criteria for conditional release.

Gibson offered evidence in support of a conditional release plan, including testimony from his family members who, under the plan, would be tasked with his supervision if he were conditionally released. After reviewing the conditional release plan and hearing the evidence, which included a report from the Commissioner of DBHDS as required by Code § 37.2-908(E), the circuit court found that Gibson does not meet the criteria in Code § 37.2-912(A). The court concluded that Gibson needs inpatient treatment as a sexually violent predator and that the conditional release plan does not "provide appropriate outpatient supervision." The court also doubted that Gibson "would comply with the conditions specified" and believed that "he would present an undue risk to public safety." The court ordered that Gibson be committed to the custody of DBHDS for appropriate treatment and confinement. See Code § 37.2-908(D).

We granted Gibson's appeal on the sole issue whether the circuit court erred in holding that Gibson bore the burden of proof to establish the criteria for conditional release under Code § 37.2-912(A).

ANALYSIS

The SVPA sets forth the statutory scheme that permits a person convicted of a sexually violent offense to be declared a sexually violent predator and committed to involuntary secure inpatient treatment in a mental health facility after release from prison. Although a proceeding under the SVPA is civil, it nevertheless entails the potential involuntary loss of liberty, and therefore a respondent subject to such a proceeding is afforded certain rights typically available in a criminal proceeding. McCloud v. Commonwealth, 269 Va. 242, 253-54, 609 S.E.2d 16, 21-22 (2005); see Code § 37.2-901. "[I]nvoluntary civil commitment is a significant deprivation of liberty to which federal and state procedural due process protections apply." Jenkins v. Director, Va. Ctr. for Behav. Rehab., 271 Va. 4, 15, 624 S.E.2d 453, 460 (2006); accord Townes v. Commonwealth, 269 Va. 234, 240, 609 S.E.2d 1, 4 (2005) ("Civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.") (internal quotation marks omitted); see also Foucha v. Louisiana, 504 U.S. 71, 79 (1992) ("'The loss of liberty produced by an involuntary commitment is more than a loss of freedom from confinement.'") (quoting Vitek v. Jones, 445 U.S. 480, 492 (1980)).

When a proceeding under the SVPA reaches the trial stage, the fact finder must determine "whether, by clear and convincing

4

evidence, the respondent is a sexually violent predator." Code § 37.2-908(C). Upon such a finding, the trial court then determines whether to commit the respondent or to continue the trial to receive additional evidence regarding possible alternatives to commitment. Code §§ 37.2-908(D) and (E). When the trial court decides to continue the trial to receive such additional evidence, as the circuit court did in this case, the court shall "reconvene the trial and receive testimony on the possible alternatives to commitment." Code § 37.2-908(E). At the conclusion of such testimony, the court

> shall consider: (i) the treatment needs of the respondent; (ii) whether less restrictive alternatives to commitment have been investigated and deemed suitable; (iii) whether any such alternatives will accommodate needed and appropriate supervision and treatment plans for the respondent, including but not limited to, therapy or counseling, access to medications, availability of travel, and location of proposed residence; and (iv) whether any such alternatives will accommodate needed and appropriate regular psychological or physiological testing, including but not limited to, penile plethysmograph testing or sexual interest testing. If the court finds these criteria are adequately addressed and the court finds that the respondent meets the criteria for conditional release set forth in § 37.2-912, the court shall order that the respondent be returned to the custody of the Department of Corrections to be processed for conditional release as a sexually violent predator pursuant to his conditional release plan.

Code § 37.2-908(E).

5

Pursuant to Code § 37.2-912(A), when the trial court considers a respondent's need for secure inpatient treatment,

> it shall place the respondent on conditional release if it finds that (i) he does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety. In making its determination, the court may consider (i) the nature and circumstances of the sexually violent offense for which the respondent was charged or convicted, including the age and maturity of the victim; (ii) the results of any actuarial test, including the likelihood of recidivism; (iii) the results of any diagnostic tests previously administered to the respondent under this chapter; (iv) the respondent's mental history, including treatments for mental illness or mental disorders, participation in and response to therapy or treatment, and any history of previous hospitalizations; (v) the respondent's present mental condition; (vi) the respondent's response to treatment while in secure inpatient treatment or on conditional release, including his disciplinary record and any infractions; (vii) the respondent's living arrangements and potential employment if he were to be placed on conditional release; (viii) the availability of transportation and appropriate supervision to ensure participation by the respondent in necessary treatment; and (ix) any other factors that the court deems relevant.

If, after considering the factors in Code § 37.2-912(A), the trial court concludes that there is "no suitable less restrictive alternative to involuntary secure inpatient treatment," the court shall "order that the respondent be committed to the custody of [DBHDS] for appropriate inpatient treatment in a secure facility." Code § 37.2-908(D).

The issue in this appeal is whether the burden of proof remains with the Commonwealth during the reconvened trial to establish by clear and convincing evidence that no suitable less restrictive alternative to involuntary secure inpatient treatment exists, or whether the burden of proof shifts to the respondent to establish that he meets the criteria for conditional release under Code § 37.2-912(A). That issue is a question of law reviewed de novo on appeal. Gallagher v. Commonwealth, 284 Va. 444, 449, 732 S.E.2d 22, 24 (2012).

Recognizing that the SVPA is silent with regard to the burden of proof regarding the criteria for conditional release in Code § 37.2-912(A), the Commonwealth asserts that the burden of proof shifts to the respondent to establish those factors. The Commonwealth contends that the Court's decision in Bell, which involved an annual review under Code § 37.2-910, governs Gibson's reconvened trial because the plain language of Code § 37.2-912(A) requires a trial court to address the criteria for conditional release "any time the court considers the

7

respondent's need for secure inpatient treatment." The Commonwealth further argues that the "wording" of the four criteria for conditional release in Code § 37.2-912(A), which require the trial court to make affirmative findings, indicates that the burden of proof rests on the respondent.

In Bell, the Commonwealth challenged, among other things, the sufficiency of the evidence to sustain the trial court's judgment at the first annual review. 282 Va. at 310, 714 S.E.2d at 563; see Code § 37.2-910. The trial court found that although the respondent remained a sexually violent predator, he nevertheless satisfied the criteria for conditional release in Code § 37.2-912(A). 282 Va. at 310, 714 S.E.2d at 563. At trial, the respondent had conceded that it was his burden to establish the criteria for conditional release, and he made the same concession on brief to this Court, asserting that his burden was by a preponderance of the evidence. Id. at 313, 714 S.E.2d at 564. In response, the Commonwealth noted on brief that this Court had already addressed the burden of proof when determining whether to civilly commit or conditionally release a sexually violent predator in McCloud and that the respondent cited no authority for a different burden of proof depending on whether that determination was made at an initial sexually violent predator trial or during an annual review hearing. Although allocation of the burden of proof was not the subject

8

of the Commonwealth's assignments of error in Bell, this Court stated: "We agree with [the respondent's] allocation of the burden of proof, and recognize it as the appropriate allocation on conditional release in sexually violent predator cases." Id. at 313, 714 S.E.2d at 564.

That statement appears to be contrary to our earlier decision in McCloud. There, we held that "the burden of proving that there is no suitable less restrictive alternative to involuntary confinement rests with the Commonwealth, and that burden cannot be shifted to the [respondent]." 269 Va. at 261, 609 S.E.2d at 26. The Commonwealth argues that Bell tacitly overruled McCloud on this point, while Gibson argues that Bell addressed the burden of proof only in an annual review hearing and that McCloud still governs as to an initial sexually violent predator trial.

The SVPA expressly addresses allocation of the burden of proof in only one place. Code § 37.2-910(C) provides that at the mandatory review hearings conducted periodically after the initial date of commitment, the Commonwealth must establish "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-908(C), however, implicitly addresses the burden of proof by providing that the fact finder must "determine whether, by clear and convincing evidence, the respondent is a sexually violent predator." In

upholding the constitutionality of the SVPA and finding that it satisfies due process requirements, we have emphasized that the "individual's interest in the outcome of a civil commitment proceeding is of such weight and gravity that due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence" and that "the 'clear and convincing' evidentiary standard is the minimum standard that may be used in a civil commitment proceeding." Shivaee v. Commonwealth, 270 Va. 112, 126, 613 S.E.2d 570, 578 (2005) (quoting Addington v. Texas, 441 U.S. 418, 427, 432-33 (1979)). The burden of proof by clear and convincing evidence rests on the Commonwealth, not the respondent, and never shifts. See Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571 (2000) (recognizing that an impermissible shifting of the burden of proof implicates due process rights).

Thus, we reiterate our holding in McCloud:

> [T]he burden of proving that there is no suitable less restrictive alternative to involuntary confinement rests with the Commonwealth, and that burden cannot be shifted to the [respondent]. However, when . . . the Commonwealth has adduced evidence sufficient to satisfy the trial court that involuntary confinement is necessary and, thus, less restrictive alternatives are unsuitable, the [respondent] then has the burden of going forward with his case if he is to rebut the Commonwealth's evidence.

269 Va. at 261, 609 S.E.2d at 26.

The criteria for conditional release in Code § 37.2-912(A) must be satisfied "[a]t any time the court considers the respondent's need for secure inpatient treatment pursuant to [the SVPA]." (Emphasis added.)  We discern no reason to draw a distinction between an initial sexually violent predator trial and an annual review hearing in terms of which party bears the burden of proof on the issue whether there are no suitable less restrictive alternatives to involuntary confinement.[2]  In both instances, when the Commonwealth presents a prima facie case showing that there is no suitable less restrictive alternative to involuntary commitment, the respondent then has the burden to produce evidence to rebut the Commonwealth's case by showing

---

[2] In Bell, the question as to which party had the burden of proof to establish the criteria for conditional release was not at issue and thus our statement regarding the burden of proof was dicta.  But, to the extent Bell is contrary to our holding today, it is overruled.  We are mindful of the doctrine of stare decisis and the critical role it serves in ensuring stability in the law.  However, stare decisis "'is not an inexorable command.'"  Home Paramount Pest Control Cos. v. Shaffer, 282 Va. 412, 419, 718 S.E.2d 762, 766 (2011) (quoting McDonald v. City of Chicago, 561 U.S. ___, ___ 130 S.Ct. 3020, 3063, (2010) (Thomas, J., concurring).  And thus, when warranted, "we have not hesitated to reexamine our precedent in proper cases and overrule such precedent."  Nunnally v. Artis, 254 Va. 247, 253, 492 S.E.2d 126, 129 (1997).  "[S]tare decisis cannot possibly be controlling when" the rule at issue "does not serve as a guide to lawful behavior" and "has been proved manifestly erroneous."  United States v. Gaudin, 515 U.S. 506, 521 (1995).

that the respondent meets the criteria for conditional release in Code § 37.2-912(A).[3]

CONCLUSION

For the foregoing reasons, we conclude that the circuit court erred by requiring Gibson to bear the burden of proof to establish that he satisfies the criteria for conditional release in Code § 37.2-912(A).  We will reverse the circuit court's judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3] The burden of proof is not to be confused with the burden of going forward to produce evidence.  The burden of proof, also referred to as the burden of persuasion, never shifts.  Vahdat v. Holland, 274 Va. 417, 424, 649 S.E.2d 691, 695 (2007); Darden v. Murphy, 176 Va. 511, 516, 11 S.E.2d 579, 581 (1940); see also Bacon v. Bacon, 3 Va. App. 484, 488 n.1, 351 S.E.2d 37, 40 n.1 (1986).  When a plaintiff presents a prima facie case, the burden of producing evidence to overcome that prima facie case, also referred to as the burden of going forward, then shifts to the defendant.  Darden, 176 Va. at 516, 11 S.E.2d at 581.  The same is true in a criminal prosecution.  See Neal v. Commonwealth, 124 Va. 842, 848, 98 S.E. 629, 631 (1919) (holding that "[t]he evidence may shift from one side to the other," but Commonwealth always has the burden to prove a defendant's guilt beyond a reasonable doubt).